ALBANY,
Feb. 1835.

Gay.
v.
Monroe Gen-
eral Sessions.

Ex parte H. GAY, district attorney of Monroe, vs. MONROE
GENERAL SESSIONS.

A court of *general sessions* has power to set aside a verdict for *irregularity*.

February 19.
A FEMALE was indicted and tried for petit larceny, in the general sessions of Monroe, and convicted. She applied for a new trial, on the ground that the verdict against her was produced by the question of her guilt or innocence having been left by the jury to *lot* or *chance*, instead of being the result of their deliberations upon the evidence given in the case. The facts were shown by the affidavit of the constable who attended the jury. The general sessions set aside the verdict, and ordered a new trial.

A motion was now made in behalf of the district attorney for a *mandamus* directing the sessions to vacate the rule, ordering a new trial, on the ground that a court of general sessions has no power to grant a new trial for *irregularity* or on the *merits*.

*By the Court*, SUTHERLAND, J. In the case of *The People* v. *The General Sessions of Chenango*, 1 Johns. Cas. 179, it was held, that a court of general sessions being of inferior and limited jurisdiction, has not the power to grant a new trial *on the merits ;* but in the direction given by the court as to the points to be discussed in the argument ordered in that case, it was conceded that such courts have the power to grant a new trial for *irregularity ;* and such, it is believed, has been the general received opinion on this subject. The reasons against the sessions granting new trials on the *merits* do not apply to the exercise of that power in the case of *irregularities*. Besides, the substantial ends of justice, it seems to me, require that courts of general sessions should possess the power to grant new trials in cases of verdicts *irregularly* rendered. The motion for a *mandamus* is therefore denied.