THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* WILLIAM TRIMBLE, APPELLANT.

*Criminal law — plea of former acquittal or conviction — the affirmative is with the defendant — power of the court at the same term to correct an illegal sentence.*

A prisoner, upon being arraigned upon the crime of larceny in the first degree, pleaded only a former conviction. Upon this issue the case was tried in the Court of Sessions, and a verdict was rendered "for the People." No formal judgment was pronounced upon this verdict.

The prisoner was then allowed to plead over, and pleaded not guilty. A day was fixed for the trial of this new issue, and a trial thereof was had before another jury.

*Held,* that the practice was substantially correct, except that, had the defendant insisted upon it, at least two days must have elapsed between the rendition of the first verdict and the entry of judgment thereon, which judgment should have preceded the trial of the new issue.

That the general issue is not raised by a plea of a former conviction or acquittal, and the affirmative is with the defendant upon the issue actually made.

That a court which has pronounced a sentence which violates section 697 of the Penal Code, in that it does not expire between the months of March and November, has power to correct the sentence on its own motion and at the same term.

APPEAL by the defendant, William Trimble, from a judgment, entered in the clerk's office of Niagara county on the 28th day of June, 1890, convicting him on the 27th day of June, 1890, of the crime of grand larceny in the first degree, and sentencing him to

imprisonment in a State prison at hard labor for the term of five years and four months, after a trial and conviction in the Niagara Court of Sessions.

*R. Crowley*, for the appellant.

*P. F. King*, for the respondent.

DWIGHT, P. J.:

The indictment was found in the Oyer and Terminer, and the defendant being arraigned in that court pleaded only a former conviction of the crime charged. (Code of Crim. Pro., § 332.) The case was then sent to the Court of Sessions where the sole issue joined as above was tried by a jury and a verdict was rendered "for the People." This was, by definition of the Code of Criminal Procedure, a general verdict (§ 437) and, under the provisions of sections 453 and 471 of the same statute, it was the duty of the court thereupon to appoint a time for, and at such time to pronounce judgment upon the defendant. What judgment was to be pronounced in such case is not expressly provided. The two general verdicts — of "guilty," after a trial of the general issue, and "for the People," after a trial of the issue of a former conviction or acquittal — are placed in the same category in all the provisions of the statute cited; the same proceedings leading up to judgment are prescribed in both cases, and there is no indication in the statute that the judgment to be pronounced in the one case is different from that in the other. But this is evidently a *casus omissus*. It was never the law that the plea of a former conviction or acquittal was, in case of a felony, an admission of the facts charged in the indictment except for the purposes of the trial of the issue actually joined, and to the effect that, upon the trial of that issue, no evidence need be given by the prosecution in support of the allegations of the indictment. At common law, in case of a felony, the judgment against the defendant on such a plea was *respondeat ouster* — let him answer over or plead again (*People* v. *Saunders*, 4 Parker's Crim. Rep's, 198, and cases cited; 1 Arch. Crim. Pr. and Pl. [Waterman's ed.], page 371); and unless the new plea was of guilty he was put upon his trial on the merits. Such was, substantially, the course pursued in this case. No formal judgment to that effect was pronounced,

but the defendant was allowed to plead anew to the indictment; his plea of not guilty was received, a day was fixed for the trial of the issue newly joined, and such trial was had before another jury at the time appointed; and all this was without objection on the part of the defendant. Objection is now made in his behalf that the first jury should not have been discharged, but that both issues should have been tried by the same jury. It is evident that such is not the intention of the statute in case the two pleas are separately interposed. Indeed, if the defendant had insisted upon a strict compliance with the statute, at least two days must have intervened between the rendition of the first verdict and judgment thereon (§ 472) which must have preceded the trial of the new issue.

Although the provisions of the statute were not strictly complied with, the deviation was without objection on the part of the defendant and was not to his prejudice. He had the full benefit of a judgment of *respondeat ouster*, and of a separate trial of both the issues joined by his successive pleas.

An exception taken by the defendant on the trial of the preliminary issue raised the question whether the people were required on that trial to give evidence tending to establish the guilt of the defendant. The ruling to the contrary was clearly correct. The general issue is not raised by plea of a former conviction or acquittal, and the affirmative is with the defendant on the issue actually made. (Abbott's Trial Brief, Crim. Causes, § 742 and cases cited.)

The defendant's motion in arrest of judgment was based upon the ground, already sufficiently considered, of the want of a formal judgment on the preliminary issue, and on the ground of the insufficiency of the evidence to warrant the verdict against the defendant on the general issue. We have very carefully read and considered the evidence contained in the record, and, although we find it wholly circumstantial in character, we regard it as raising a very strong presumption of the guilt of the defendant, and as making a case in which the jury might well have found their minds free from reasonable doubt on that subject. We think the motion in arrest of judgment was properly denied on both the grounds assigned. None of the exceptions taken by the defendant to rulings on questions of evidence are argued on this appeal, and we find none which seem to require discussion.

An objection is made on the argument here that the sentence of the court was void and illegal under section 697 of the Penal Code, which prescribes that the term of imprisonment shall be so limited, as that, with due allowance for probable commutation for good behavior, it shall expire between the months of March and November.

It is conceded that the first sentence imposed in this case, which was for five years, was subject to this objection; but it was corrected by the court on its own motion and at the same term. This it was competent for the court to do. (*Miller* v. *Finkle*, 1 Park. Crim. Reps., 374.) The mistake in the first sentence did not vitiate the judgment, and it was the duty of the court to correct the error as it did. The second sentence (of five years and four months), passed June 28, 1890, by counsel's own computation was strictly in accordance with the direction of the statute, since it would expire on the 4th day of April, 1894.

There seems to be no other question in the case which requires attention. The judgment appealed from should be affirmed.

MACOMBER, J., concurred.

Judgment and conviction appealed from affirmed, and the case remitted to the Court of Sessions of Niagara county to proceed thereon.