## PEOPLE *v.* DAVIS.

*(Supreme Court, General Term, Third Department. July 2, 1892.)*

**1. LARCENY—EVIDENCE—CORPUS DELICTI.**
    On trial for larceny, proof that complainant owned and had in his vest a watch; that in the presence of defendant he hung the vest up, with the watch in it; and that later, after he had put on his vest, he missed the watch,—is sufficient evidence to establish the *corpus delicti.*

**2. SAME—INSTRUCTIONS—CIRCUMSTANTIAL EVIDENCE.**
    On evidence that defendant was in a position to take the watch, and that no other person was in that position, the following charge is not erroneous: "Circumstantial evidence cannot very well lie. It is quite as safe for a jury to convict on circumstantial evidence, when a proper case is given, as it is on direct positive proof. The direct positive proof may be false; the circumstances cannot be false."

**3. SAME—PRIOR CONVICTION.**
    The following charge with reference to a former conviction of defendant for another crime was not error: "This man is entitled to have the same rules of law applied to his case as any other man, no matter if he were the best citizen in the state. The only difference is that he is unfortunate in having been convicted, and that conviction of course stands against him."

**4. CRIMINAL LAW—RESENTENCE.**
    Where a convict has been sentenced to imprisonment for a longer period than one year the court before which the conviction was had must resentence him, and extend the sentence so that "it will expire between the month of March and the month of November," as provided by Pen. Code, § 697; and the absence of defendant's counsel at the time of resentence is not in violation of Code Crim. Proc. § 8, allowing a defendant in a criminal action counsel as in civil actions.

Appeal from court of sessions, Albany county.

Joseph Davis was indicted for grand larceny in the second degree and convicted. He appeals. Affirmed.

The following is a portion of the charge excepted to: "Circumstantial evidence cannot very well lie. It is quite as safe for a jury to convict on circumstantial evidence, when a proper case is given, as it is on direct, positive proof. The direct, positive proof may be false; the circumstances cannot be false. But you must remember one thing, gentlemen,—before you can convict any person of a crime on circumstantial evidence, the circumstances must

lead to the conclusion of guilt of that party, and in no other direction. If they lead in any other direction, and that some other party may be guilty, then the case is not made out, and then the jury have no right to convict. Now, when I charge you that you must be satisfied beyond a reasonable doubt of the guilt of the prisoner before you can convict, I mean that you must be satisfied from the evidence that no doubt is left arising from the evidence as to his guilt. If there is, he is entitled to that doubt; then you must acquit. It must not be conjecture; it must be a doubt arising from the evidence; such a doubt as a sensible man—a man of judgment and sense—would say there is a doubt arising from that evidence. Why, you may guess the man is not guilty, and you may doubt whether he is guilty or not. Then every man would be acquitted, unless the evidence was positive. What is the evidence in this case? You must take it as it is, and on it you must base your verdict. If it does not satisfy you of the guilt of the prisoner, then you would do a great wrong to convict him. This man is entitled to have the same rules of law applied to his case as any other man, no matter if he were the best citizen in the state. The only difference is that he is unfortunate in having been convicted, and that conviction of course stands against him. * * * Now, it is a circumstance nobody saw this watch taken. Did this defendant take it? If the evidence fails to show you that some other person— If some other person might have gone in there and taken that watch, then from the evidence a reasonable doubt arises, and you must acquit this man. If no reasonable doubt arises from it, and you are satisfied from all the evidence that he took that watch, then it is your duty to convict him, as charged in the indictment, of grand larceny in the second degree."

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

P. D. Niver, for appellant. James W. Eaton, Dist. Atty., for the People.

MAYHAM, P. J. The defendant was convicted of grand larceny, second degree, in stealing a watch. The facts relied upon to prove the larceny and the guilt of the defendant are stated by the complainant in his testimony substantially as follows: Complainant was tending bar, and at the same time doing work as a carpenter in a saloon of his brother-in-law in Cohoes. Defendant came in, and asked for a drink, which was refused. Complainant then walked into a closet, and hung up his vest, the pocket of which contained his watch. Defendant followed complainant into the closet, but came out immediately after complainant, and soon left the saloon. About 20 minutes after placing his vest in the closet the complainant went and got it, and started for home, not noticing whether or not the watch was in the pocket, and, after traveling about 2,000 feet, he missed the watch. No further affirmative proof was offered by the people. The defendant was sworn in his own behalf, and denied taking or knowing anything about the watch. At the conclusion of the evidence on the part of the people, and also at the conclusion of all the evidence, the counsel for the defendant asked the court to discharge the prisoner on the ground that the evidence was insufficient to warrant the submission of the same to the jury. The court denied the motion, and the defendant's counsel duly excepted, and the judge thereupon charged the jury. To some portions of the charge the counsel for defendant excepted. The jury rendered a verdict of guilty. The counsel for defendant thereupon moved for a new trial pursuant to section 465 of the Code of Criminal Procedure, on the grounds— First, that the substantial rights of the defendant had been prejudiced; second, that the court misdirected the jury in matters of law; third, that the court refused to instruct the jury as prescribed by section 420 of the Code of Criminal Procedure. The court thereupon rendered judgment of conviction, and sentenced the prisoner to the state prison for four years and three months, from which conviction and sentence the defendant appeals. The counsel for the appellant now insists that the evidence is too slight to justify a convic-

tion, and that, if the jury had fairly applied to this case the rule of law that gives to a prisoner accused of crime the benefit of every reasonable doubt, they would have acquitted the defendant. That question, however, is always one for the jury, under proper instructions from the court; and the jury were, we think, fully and fairly instructed upon that point by the learned trial judge. And when there is evidence upon which the jury might or might not entertain rational doubt, it is not for the court on appeal to say the jury should have doubted, and given the defendant the benefit of that doubt by his acquittal. Such a determination on appeal would transfer from the jury to the court the domain of doubt, and render any instruction upon that subject by the court to the jury useless.

Again, it is urged that the evidence fails to establish the *corpus delicti.* We think not. The proof shows that the complainant owned and had in his possession a watch. That watch was, without the knowledge or consent of the complainant, taken out of his possession, and carried away or concealed by some active agency. It could not have gotten away from him without assistance. Such taking or removal from the possession of the owner without his knowledge or consent, followed by concealment, was evidence of larceny. It proved that a crime had been committed, and thus established the *corpus delicti.* True, that alone did not prove who committed the crime; only that the crime had been committed. Who committed it? The people relied upon the circumstances that the defendant was in a position to have committed it, and that no other person was in a situation to have done so. That reliance was wholly upon circumstantial evidence, and upon that kind of evidence the trial court made the remark to which the learned counsel for the defendant took an exception, which he urges here as a ground of reversal of this conviction. We think the trial judge laid down the proper rule upon that subject, and that he did not overestimate the force and effect of that kind of evidence, qualified, as his remarks were, in his charge upon that subject. It is true that circumstances do sometimes mislead, and point to erroneous conclusions, but they sometimes point with unerring certainty to the truth; and we do not think that the rule was erroneously stated by the trial judge. Nor do we think the judge's reference to the former conviction of the prisoner for some other crime error. Doubtless the jury, in construing the circumstances and weighing the credibility of the defendant as a witness, take that into the account. It is also urged that the resentence of the prisoner was erroneous. This was done so that the termination of the period of imprisonment might be at the season required by section 697 of the Penal Code.[1] It was a proper exercise of authority, and we think the absence of the prisoner's counsel worked no wrong. He was not deprived of counsel, nor were his rights in any way prejudiced or jeopardized by the absence of counsel at that stage of the proceeding. It was not a violation of section 8 of the Code of Criminal Procedure.[2] *People* v. *Trimble,* (Sup.) 15 N. Y. Supp. 60. The conviction must be affirmed. All concur.

[1] Pen. Code, § 697, provides as follows: "Where a convict is sentenced to be imprisoned in a state prison for a longer period than one year, it is the duty of the court before which the conviction is had to limit the term of the sentence so that it will expire between the month of March and the month of November, unless the exact period of the sentence is fixed by law."

[2] Code Crim. Proc. § 8, provides: "Rights of defendant in a criminal action. In a criminal action the defendant is entitled (1) to a speedy and public trial; (2) to be allowed counsel as in civil actions. * * *"