## THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN CONNOR, Appellant.

*Crimes — relationship of the court to the prisoner — void judgment, a mis-trial — trial of the plea of former conviction and of not guilty before the same jury.*

.John Connor was convicted of larceny in the second degree at a term of the Court of Sessions held in November, 1890, at which both justices of the sessions, who had been designated to attend the term, failed to appear, and S. Forman Adee, a justice of the peace, was, by the county judge, designated to serve as one of the justices. After a verdict had been rendered against the defendant, and at the time fixed for pronouncing judgment, the defendant, moved in arrest of judgment upon the ground that Adee was related to Connor within the sixth degree, and also because the statements of the court, made in the presence of the jury relative to the misconduct of a juryman, prejudiced the defendant. The court denied the motion, but set aside the verdict because it was satisfied that Adee was incapacitated by relationship.

Another justice was substituted, by order, in place of Adee and the case was sent to the next Court of Sessions. Upon a second trial, in March, 1891, the defendant interposed a plea of former conviction, but the plea of not guilty formerly pleaded was not withdrawn. A jury was drawn, and the plea of former conviction was tried. Upon this question the court charged that such a plea was only supported by proof of a lawful trial and verdict, that if Adee was related to the prisoner, as alleged, this had been only a mistrial. The jury found for the people upon the issue of a former conviction. The court then directed that the plea of not guilty be tried before the same jury, which resulted in a conviction. .

Upon an appeal by the defendant from this judgment of conviction:

*Held*, that it was proper to try before the same jury the issue of former conviction and the issue of not guilty.

That both stood on the record together, formed the defense, and could not be tried separately.

That the defendant was not entitled to a separate judgment upon the trial of the issue of a former conviction.

That the defendant was not, after the jury had rendered a verdict upon the issue of a former conviction, entitled to re-examine the jury as to their bias, etc., before proceeding to the trial of the plea of not guilty.

That as Adee was related to Connor within the sixth degree the judgment rendered by the court, of which Adee was a member, was absolutely void.

That as that court had not jurisdiction to try Connor he had never been put in jeopardy and that the plea of former conviction was bad and there had been a mis-trial.

Appeal by the defendant John Connor from a judgment of the Court of Sessions of Delaware county, rendered on the 25th day of

March, 1891, convicting him of the crime of grand larceny in the second degree, with notice of an intention to bring up for review, upon the appeal, the following orders made and proceedings had upon the trial :

*First.* The order of said court allowing the people to file a reply or answer to the plea of "former conviction" interposed by said defendant.

*Second.* The order of said court directing that a jury be drawn to try said indictment before the issue formed by the plea of "former conviction" was heard and finally determined.

*Third.* The order of the court directing the trial of the issue formed by the plea of "not guilty" before the same jury that had heard the trial upon the plea of "former conviction."

*Fourth.* The order of the court denying the motion of the defendant that he be discharged.

*Fifth.* The order of the court refusing the defendant's request that sentence be suspended until judgment was entered upon the verdict of the jury rendered upon the issue of "former conviction."

*Sixth.* The order of the court refusing to direct the clerk to enter a separate judgment upon the verdict rendered upon the plea of "former conviction."

*Seventh.* The order of the court denying the motion made by the defendant in arrest of the judgment upon the verdict of "guilty' rendered by the jury.

*Eighth.* Each and every other order and decision of said court made upon said trial or proceeding had therein, objected to by said defendant.

*Abram C. Crosby,* for the appellant.

*J. P. Grant,* district attorney, for the respondent.

MERWIN, J. :

The defendant was indicted at the Delaware Oyer and Terminer September, 1889, and was there arraigned and pleaded not guilty, and the indictment was thereupon sent to the Court of Sessions for trial. At a term of the latter court commencing November 17, 1890, both of the justices of the sessions, who had been designated according to statute, failed to appear, one being dead and the other

absent. The county judge thereupon, by order duly entered, designated S. Forman Adee, a justice of the peace of the county, to serve as justice of sessions during the term, and also designated Charles McPhail, a justice of the peace of the county, to serve as justice of sessions until the absent justice attended. The court being so constituted, the trial of the defendant was moved and had before the court and a jury and a verdict of guilty rendered, which was received by the court and recorded by the clerk upon its minutes, and the jury discharged from the case. The defendant then moved to set aside the verdict on the ground of alleged misconduct of one of the jurymen, but this motion was denied. On the 26th of November, 1890, at the time fixed for pronouncing judgment on the verdict, the defendant, upon affidavits, made a motion in arrest of judgment upon the following grounds:

"*First.* That the Court of Sessions, at which the trial of the defendant had been had, and in the minutes of which the verdict of guilty has been entered, was and is illegally constituted in this, to wit: That S. Forman Adee, one of the members of said court is related to said defendant within the sixth degree, and that by reason of such relationship he was and is incapacitated from sitting as a justice of sessions and member of said court during said trial, and from pronouncing the sentence of the court upon the defendant, pursuant to the verdict of guilty.

"*Second.* Upon the further ground that the proceedings had and statements made in the presence of the jury during said trial, regarding the misconduct of a juryman, were unauthorized, irregular, illegal and prejudicial to the rights and interests of said defendant."

This motion was denied, the following being the order as entered upon the minutes of the court: "Motion denied, as it is not founded on any of the defects of the indictment mentioned in section 331 of the Code of Criminal Procedure, and is not founded upon any facts appearing on the face of the record. But it appearing to the satisfaction of this court that the defendant is related to one of the members thereof within the sixth degree, ordered that the verdict of the jury herein be and the same hereby is set aside." The defendant duly excepted to each branch of the order, and also moved that the defendant be discharged from custody upon each of the grounds stated in the motion in arrest of judgment. This

motion was denied and defendant excepted. After the verdict was set aside another justice was substituted in place of Adee, and an order was made sending and continuing all criminal business, not otherwise disposed of, to the next Court of Sessions.

The indictment was again moved for trial at a Court of Sessions commencing 16th of March, 1891. The defendant then interposed a plea of former conviction, setting out the proceedings on the former trial. To this the people replied. Then, on motion of the district attorney, the court ordered that a jury be drawn to try the indictment. The defendant objected to the trial of the issues together, and to the drawing of a jury generally in the action. The objection was overruled and defendant excepted. The jury was impanneled and the court announced that the special plea would be disposed of before entering upon the plea of not guilty, and ruled that the defendant had the affirmative. The trial then proceeded, the evidence consisting mainly of the record of the proceedings on the former trial, and proof that Adee, one of the justices of the sessions, was related by consanguinity to the defendant within the sixth degree. The court charged the jury that the plea of former conviction is only supported by proof of lawful trial and verdict; that the only question for the jury to determine on this issue was, whether the court before whom the defendant was tried was improperly constituted and without jurisdiction; that, if not so constituted, the former trial was no bar to another trial; that if the jury found that Justice Adee was related to the defendant within the sixth degree, the court was improperly constituted, there would be a mis-trial, and that this would be no bar to another trial, and the verdict on this issue should be for the people. The defendant duly excepted. The jury found for the people, and the verdict was received and recorded. The court then directed the parties to proceed to the trial of the issue formed by the plea of not guilty. The defendant objected to the trial before the same jury, and asked that all further proceedings upon the indictment be suspended until the questions already tried might be reviewed by appeal. The objection was overruled and request denied. The defendant then asked " to be permitted to examine each individual member of the jury as to his present opinions and qualifications to sit as a juror, in order to determine whether or not, from what has transpired on the trial, which he has heard,

he has at present any bias that disqualifies him from sitting as a juror." This application was denied. The district attorney then opened the case and gave the evidence on the part of the people. The defendant gave no evidence. A verdict of guilty was rendered and sentence was afterwards pronounced.

The main questions upon this appeal are: 1. Whether it was proper to try before the same jury the issue of former conviction, and the issue upon the merits. 2. Whether the proceedings on the first trial, assuming the relationship of the justice, Adee, to be as shown, furnished a sufficient basis for the defense of former conviction.

1. By section 332 of the Code of Criminal Procedure it is provided that a plea of a former judgment of conviction or acquittal may be pleaded either with or without the plea of not guilty. In the present case, when the plea of former conviction was put in, the plea of not guilty was not withdrawn. Both pleas stood upon the record together, as they properly might under section 332. Upon each an issue of fact existed. (Code of Crim. Pro., § 354.) Both together constituted the defense interposed by the defendant. When the trial upon the indictment was moved and ordered, it brought up for the consideration of the court both pleas. No provision is made by the Code for a separate trial in case there is more than one issue. A complete trial involved the disposition of both, so far as it was necessary in order to arrive at a final judgment. By section 388, Code of Criminal Procedure, which regulates the course of the trial, it is provided that the evidence in support of the indictment must be first given, and then the defendant must give his evidence in support of "his defense." This section seems to apply to all trials without reference to what kind of defense the defendant has put in. In the present case the court, for the benefit of defendant, permitted him to give first his evidence upon the plea of former conviction. Of this the defendant does not complain. If it was irregular, the defendant is not in a position to raise the question. No claim was made that the whole case should be presented to the jury at once. In this respect the practice before the Code was followed. (See 1 Colby Crim. Law, 277.)

In 1 Bishop on Criminal Procedure, section 812, it is said: "When the special plea and not guilty are pleaded together, the better practice is not to try them together, but to submit the former to the

jury first. Still, some American courts appear to allow it, when accompanied by the instruction to the jury to pass on the former first and disregard the latter if they find on the former for the defendant." In 1 Wharton on Criminal Law, section 572, it is said that "in cases where the defendant pleads over to the felony at the same time, with the issue in the plea of *autrefois acquit*, the jury are charged again to inquire of the second issue, and the trial proceeds as if no plea in bar had been pleaded." In Roche's case (1 Leach Crown Cases, 134), it is said, in such a case, that the issues are always tried upon separate charges to the jury. The reason was that if the jury found for the defendant on the plea in abatement, there would be no occasion to proceed to the other issue. There is, however, in these authorities, no suggestion that, if it became necessary to have the main issue passed upon, another jury should be impanneled. The inference is to the contrary.

In *People* v. *Trimble* (60 Hun, 364), the defendant pleaded only a former conviction. This issue was tried before a jury and verdict rendered for the people. The defendant was then allowed to plead anew, and his plea of not guilty was received and the new issue subsequently tried before another jury. Upon the appeal the claim was made by the defendant that both issues should have been tried by the same jury, and the court said: "It is evident that such is not the intention of the statute in case the two pleas are separately interposed."

We think the court did not err in declining to call another jury. The proceedings on both issues constituted but one continuous trial. The Code permitted them to be put in together, and, as no provision was made for trial before different juries, it is to be inferred that no such trial was contemplated.

2. If the first trial was void by reason of the relationship of one member of the court, it would follow that there would be no basis for the defense of former conviction. (*Canter* v. *People*, 1 Abb. Dec., 308.) It would be a case of mis-trial (*Shepherd* v. *People*, 25 N. Y., 420; citing 2 Hawkin's Pleas of the Crown, chap. 36, § 15), and that would be no trial. If the court, as constituted, was without authority in the premises, the defendant was not in jeopardy. (1 Bishop on Crim. Law, § 1028.) Want of jurisdiction may be shown collaterally. (*Ferguson* v. *Crawford*, 70 N. Y., 265.)

In *Baldwin* v. *McArthur* (17 Barb., 414), it was held that where one of the members of a Court of Sessions granting an order of maintenance is one of the persons who, as superintendents of the poor, apply for the order, the court has no jurisdiction and the proceedings and order are void. The action was to recover the amount allowed by the order. The same principle was held in *Rivenburgh* v. *Henness* (4 Lans., 208), in regard to an order of affiliation made by a Court of Special Sessions composed of two justices, one of whom was related to the complainant within the prohibited degree. The action was for false imprisonment. The same thing seems to have been held in *Oakley* v. *Aspinwall* (3 Comst., 547.) It was there held that when one of the judges of the Court of Appeals was disqualified to sit in a case by reason of consanguinity to one of the parties, he cannot sit even by consent of both the parties, and if he do, the judgment will be vacated. If the judgment was only voidable, it would seem that the consent would cover the irregularity. (See, also, *Schoonmaker* v. *Clearwater*, 41 Barb., 204 ; affirmed in Court of Appeals, *Chambers* v. *Clearwater*, 1 Abb. Dec., 341.) In this case in the Court of Appeals, at page 345, Judge DENIO says that the decision of the Court of Appeals in the Oakley case was that such a judgment was not simply erroneous, but utterly void. These decisions were under a provision of the statute similar to section 46 of the Code of Civil Procedure, which provides that a judge shall not sit as such in a cause or matter if he is related by consanguinity or affinity to any party to the controversy within the sixth degree.

With regard to statutes of this kind it is said, in Freeman on Judgments (2d ed., § 146), that " the general effect of the statutory prohibitions in the several States is undoubtedly to change the rule of the common law so far as to render those acts of a judge involving the exercise of judicial discretion, in a case wherein he is disqualified from acting, not voidable merely, but void." (See, also, 12 Am. and Eng. Encyc. of Law, 43.) The adjudications of the different States are not entirely in harmony on this subject. (See 1 Black on Judgments, § 174.) Following the adjudications in this State, it must, I think, be held that the trial in question was void.

If the first trial was not void but only voidable, the question might arise whether the order setting aside the verdict, which was made by the same court upon the fact of relationship appearing, would

not conclude the defendant until reversed. That order was not appealed from. It was held in *Gay* v. *Monroe General Sessions* (12 Wend., 272), that a Court of General Sessions had power to set aside a verdict for irregularity. It is not, however, necessary to decide upon the validity of that order.

There are no other questions that call for special consideration. The defendant claims that the order continuing the unfinished business made at the close of the first term to the following term was invalid. It was, however, not necessary that any order should have been made for that purpose. The defendant claims that he was entitled to a separate judgment on the verdict upon the issue of former conviction. We think not. The Code does not seem to provide for this particular contingency. The former practice may, therefore, be followed. (See *People* v. *Trimble*, 42 N. Y. St. Rep., 718.) Section 442, Code of Criminal Procedure, to which the counsel refers, applies only to judgment in case of special verdict. Nor was the defendant entitled to re-examine the jurors after they had passed upon the question first submitted to them. The jury was impanneled to try the indictment. Before it was sworn the defendant had and exercised the right of examination, and there is no claim that he did not then fully exhaust the subject.

The foregoing considerations lead to the affirmance of the judgment.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment of the Court of Sessions of Delaware county affirmed, and proceedings remitted to that court for the execution of the judgment.