The People of the State of New York ex rel. Alphonse Mendola, Appellant, *v.* Joseph H. Brophy, Warden of Auburn State Prison, Auburn, New York, Respondent.

Fourth Department, December 23, 1932.

*Alphonse Mendola*, relator, in *propria persona.*

*Leon M. Layden, Deputy Attorney-General,* for the respondent.

SEARS, P. J.   On the 10th day of February, 1931, the relator was indicted by the grand jury of the county of Monroe for the crimes of burglary, third degree, grand larceny, first degree, and criminally receiving stolen property, and on June 18, 1931, in the County Court of Monroe county he entered a plea of guilty to the crime of grand larceny, first degree.   On the 25th day of June, 1931, the district attorney filed an information charging that the relator had been previously convicted on January 19, 1928, of the crime of burglary, third degree, and the relator then admitted he was the person so previously convicted.   It now appears that he had been sentenced to imprisonment in the Elmira Reformatory on the previous conviction, and was then at liberty on parole from Elmira. The court thereupon imposed sentence of ten years' imprisonment in Auburn State Prison, and suspended the execution of this sentence.   On the 29th day of July, 1931, the relator was again brought before the County Court, Monroe county, and the court thereupon revoked the ten-year sentence, permitted the relator to withdraw his plea of guilty of the crime of grand larceny, first degree, and received his plea of guilty of the crime of grand larceny, second degree, charged as a second offense, and sentenced him to five years' imprisonment in the State prison, which sentence he is at present serving.   There is nothing in the record to show what the reasons were for the action of the court on the 29th day of July, 1931, as above stated.   No motion had been made by the relator to set aside the judgment when it was revoked.   This is not a case where a change was made in the sentence during the period of probation as provided in section 2188 of the Penal Law.   (*People ex rel. Woodin* v. *Ottaway,* 247 N. Y. 493.)   Here a conviction of a lesser degree of crime was entered and a new sentence imposed for this lesser degree.   The record shows no acquiescence by the relator in the action of the court revoking the judgment of conviction of grand larceny, first degree.   The withdrawal of the first plea of

guilty before entering of the new plea to a lesser degree occurred after the court apparently of its own motion had revoked the sentence. Unquestionably a court has power to correct a sentence when an erroneous one has been pronounced. (*People* v. *Trimble,* 60 Hun, 364; affd., 131 N. Y. 118; *People* v. *Davis,* 64 Hun, 636; affd., 135 N. Y. 646.) Here, however, there was nothing erroneous in the original sentence to justify such action. When the relator was sentenced on his plea of guilty of grand larceny, first degree, as a second offender, with suspension of the execution of the sentence, the court's jurisdiction over the matter was exhausted, except to correct errors or to grant a new trial under section 465 of the Code of Criminal Procedure or to revise the sentence under section 2188 of the Penal Law or to resentence the relator as a fourth offender. The conviction of the relator of the crime of grand larceny, first degree, as a second offender, with a sentence of ten years' imprisonment, execution of which was suspended, remains effective. The sentence upon which the relator is now incarcerated is invalid.

The order should be reversed, the writ sustained, and the relator ordered released from custody.

All concur.

Order reversed on the law, writ of habeas corpus sustained and relator ordered released from custody.