## (November 17, 1959)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE F. LA MERE, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal by the relator from an order of the County Court of Clinton County which dismissed his application for a writ of habeas corpus. On January 11, 1939 the relator plead guilty to forgery, second degree and was sentenced as a second felony offender to from 10 to 20 years. In October, 1957 the relator was granted a writ of habeas corpus based on the noncompliance with section 472 of the Code of Criminal Procedure and on November 21, 1957 he was resentenced to a term of from 2½ to 5 years. Thereafter on motion of the District Attorney alleging that the sentence then imposed was illegal the relator was again resentenced on December 6, 1957 to from 10 to 20 years. The relator then applied for a writ of habeas corpus alleging lack of power by the court to resentence him, noncompliance with sections 471, 472 and 480 of the Code of Criminal Procedure and lack of representation by counsel at the resentencing. The court below dismissed the application. The sentence imposed on the first resentencing was clearly erroneous in view of sections 888 and 1941 of the Penal Law and the court had power to correct its erroneous sentence (*People ex rel. Mendola* v. *Brophy*, 237 App. Div. 529; *People ex rel. Miresi* v. *Murphy*, 253 App. Div. 441). The clerk's minutes show that section 480 was complied with at the resentencing. As to the alleged noncompliance with sections 471 and 472, the resentencing occurred years after the entry of relator's plea and there is no requirement in the Code that the time for pronouncing judgment be further delayed upon a defendant's appearance for resentencing. Although the lack of representation by counsel may not be raised in a habeas corpus proceeding (*People ex rel. Sedlak* v. *Foster*, 299 N. Y. 291), there is no merit in relator's contention to this effect here for there is no constitutional or statutory provision requiring the assignment of counsel at the time of sentencing or at the time of resentencing (*People* v. *De Maio*, 279 App. Div. 596, affd. 303 N. Y. 939; *People* v. *Hasenstab*, 283 App. Div. 433). Order unanimously affirmed, without costs. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.