THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JACOB SHAPIRO, Defendant.

Court of General Sessions of the County of New York, January 28, 1947.

*Sydney Rosenthal* and *J. Bertram Wegman* for defendant.

*Frank S. Hogan, District Attorney (Whitman Knapp* of counsel), for plaintiff.

VALENTE, J. The defendant herein, presently serving a term of fifteen years to life in State prison upon his conviction for extortion in 1943, seeks in the form of a writ of error *coram nobis,* to set aside a prior judgment of conviction entered against him in this court in 1918.

On April 3, 1918, the defendant was indicted for the crimes of grand larceny in the second degree and criminally receiving stolen property. The following day he entered a plea of guilty to the crime of an attempt to commit the crime of grand larceny in the second degree and was thereupon sentenced by Judge JOSEPH F. MULQUEEN to State prison for a term of one year and two months.

The defendant now claims that at the time this plea of guilty was entered in 1918 he was not informed by the court of his right to counsel or to have counsel assigned if he were unable to employ or retain counsel and that he was thus deprived of his constitutional right to be advised and represented by counsel.

The available records of this conviction are silent as to whether he was represented by counsel and whether he was informed of his right to have counsel assigned if he were without means to employ counsel.

A defendant in a criminal cause is entitled to be advised and represented by counsel (U. S. Const., 6th Amendt.; N. Y. Const., art. I, § 6; Code Crim. Pro., § 8, subd. 2) and to be informed of his right to counsel. (Code Crim. Pro., §§ 188, 308.) When the court fails to inquire of a defendant whether he desires counsel, and he then pleads guilty or is convicted without legal representation and in ignorance of his right to such representation, the conviction thus obtained is void. (*Johnson* v. *Zerbst,* 304 U. S. 458; see *People ex rel. Moore* v. *Hunt,* 258 App. Div. 24.)

A judgment of conviction carries with it a presumption of regularity in its proceedings. In the absence of convincing proof of the nonobservance of constitutional requirements, such judgment will not be set aside on the claim that it was procured in violation of a defendant's constitutional rights. (*People ex rel. Asaro* v. *Morhous,* 268 App. Div. 1016; *People ex rel. Kruger* v. *Hunt,* 257 App. Div. 917; *Johnson* v. *Zerbst, supra.*)

When a defendant seeks to set aside a judgment of conviction on the ground that it was procured in violation of his constitutional rights, the burden is upon him to sustain his allegations by a fair preponderance of credible evidence. (*Hawk* v. *Olson,* 326 U. S. 271; *Walker* v. *Johnston,* 312 U. S. 275, 286; *Johnson* v. *Zerbst, supra.*) He must show that he was "incapable adequately of making his defense," that he was "unable to get

counsel '' and that he did not '' intelligently and understandingly waive counsel.'' (*Rice* v. *Olson*, 324 U. S. 786, 789.)

There was a hearing before me to resolve the issues presented by the defendant's application. (*Rice* v. *Olson, supra; Canizio* v. *New York*, 327 U. S. 82.) The defendant testified in his own behalf and evidence was submitted and testimony adduced from witnesses called on behalf of the defendant and the People. The evaluation of this evidence is for the court. (*Hawk* v. *Olson, supra.*)

The setting aside of the judgment of conviction entered against this defendant in 1918 is not warranted. This conclusion is based upon all of the evidence adduced at the hearing before me, the particular facts and circumstances which attended the reception of his plea of guilt and the background, experience and conduct of the defendant at that time.

The testimony of Shapiro does not go beyond his affirmative statement that he was not informed of his right to counsel. True, the records of this court do not indicate whether or not he was interrogated as to his desire for, or informed of his right to, counsel but there is no rule of law or procedure that has come to my attention that requires that any notation of such interrogation or information be recorded on the indictment or other records of the proceedings.

Evidence was offered by the District Attorney that beginning April 1, 1917, the Voluntary Defenders Committee functioned in this court, the purpose of this body being to provide counsel to defendants without means to employ one. Mr. Louis Fabricant testified that from April, 1917, he and Mr. William Dean Embree were the legal representatives of that committee and appeared in assigned cases under the name of Embree and Fabricant, that on April 4, 1918, he and Mr. Embree were the only attorneys representing the committee and that either he or Mr. Embree or both were in Part I of this court in connection with three indictments appearing on that day's calendar. He further testified that Mr. Cowing, the clerk of the part, before taking a plea '' used to pick up the indictment and read the name and state what the charge was and ask the defendant in all cases, ' Have you a lawyer? ' and if the defendant said he didn't have one, he would ask, ' Do you want the Court to assign a lawyer to you? ' '' He heard him so inquire over a period of time extending from 1917 to 1926, that Mr. Cowing was in the part of the court in which this defendant appeared on April 4, 1918, because he recognized his handwriting on indictments shown to him that appeared on the calendar of the court that day.

There is not sufficient evidence before me to permit the conclusion that the daily and routine practice of Mr. Cowing was varied or omitted on the occasion on which Shapiro appeared before the court in April, 1918.

No claim is made by or on behalf of the defendant that he was lacking either in ability or mental capacity to understand the proceedings or that he was overhasty or impulsive in pleading on that occasion. The record, to the contrary, indicates that he fully understood what he was doing. He took advantage of an opportunity to plead guilty to a lesser degree of crime when in all probability he would have been convicted of the crimes charged in the indictment. With his background of prior contacts and experiences with the criminal courts, two with this court and four with the Magistrate's Court as set forth in our Probation Department's report, on file in this court and of which I take judicial notice, it is not difficult to understand his willingness to dispose of the indictment then pending, upon the basis of a plea to a lesser offense and the consonant reduction in sentence. His right to elect to do this without counsel cannot be questioned.

While the Constitution guarantees to a defendant in a criminal case the right to be heard by counsel, it also allows him to be heard by himself. (N. Y. Const., art. I, § 6; see, also, Code Crim. Pro., § 8, subd. 2.) Such guarantee does not abrogate a defendant's right to determine for himself, after being apprised of this right, whether or not he will have counsel. If he wishes to be represented by counsel, he cannot be denied the right of such representation. This applies though he may be without means to employ an attorney. But where he elects to appear for himself rather than by an attorney, he cannot be compelled to employ counsel or to accept the services of counsel assigned by the court. (See *Carter* v. *Illinois,* 329 U. S. 173.)

There is nothing to indicate that Shapiro desired or required the assistance of counsel. In fact, there is every indication that he did not. Furthermore, it will not be presumed that the court neglected its duty to this defendant and acted in violation of the defendant's constitutional and statutory rights.

This application, made twenty-eight years after the plea of guilty, represents an attempt to take advantage of an omission to indicate in the court records that Shapiro had been advised of his constitutional rights. The presumption of regularity, after the passage of so long a time, will not be lightly disregarded. The evidence adduced in this proceeding not only fails to disturb that presumption but, in fact, tends to fortify it.

The application is accordingly denied.