THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM HATZIS, Appellant.

Submitted January 5, 1948; decided January 15, 1948.

*Miles F. McDonald, District Attorney* (*David Diamond* of counsel), for motion.

No one opposed.

*Per Curiam.* Defendant has taken an appeal as of right from an order of the Appellate Division, Second Department, affirming an order of the Kings County Court which denied his motion — in the nature of *coram nobis* — to vacate a 1936 judgment convicting him of burglary in the second degree. The District Attorney has moved to dismiss the appeal; he claims that such an order is not appealable without a certification by a justice of the Appellate Division or a judge of the Court of Appeals, pursuant to subdivision 3 of section 520 of the Code of Criminal Procedure, that a question of law is involved which merits review.

Appeals from orders determining *coram nobis* applications — previously unavailable (*People* v. *Gersewitz,* 294 N. Y. 163) — are now authorized (Code Crim. Pro., §§ 517–519; L. 1947, ch. 706). Whether such appeals lie to this court as of right turns on the interpretation of sections 519 and 520 of the Code.

The right of appeal in criminal cases generally is regulated by sections 517–520 of the Code. Three of those sections specify the types of determinations reviewable — at the instance of the defendant (§ 517) and of the People (§ 518), and, in the Court of Appeals, at the instance of either (§ 519). Whether such appeals may be taken as a matter of right or only by permission depends upon section 520. Prior to 1926, that section explicitly provided that all such appeals — including appeals to this court — could be taken as of right. (See *People* v. *Miller,* 169 N. Y. 339; *People* v. *Drayton,* 168 N. Y. 10; *People* v. *Knapp,* 206 N. Y. 373.) In 1926, it was amended to limit further appeal following one appeal to an intermediate appellate court (L. 1926, ch. 465).

While section 520, as amended, is somewhat ambiguous, and while its major portion refers only to appeals from judgments of conviction, we read the broad language of subdivision 3 thereof as an inclusive limitation intended to govern *all appeals* to this court in criminal cases. Such a construction not only serves to harmonize the several provisions of the section but also promotes the presumed purpose of the Legislature to maintain uniformity of procedure in criminal cases. (Cf. *People ex rel. Onondaga County Savings Bank* v. *Butler,* 147 N. Y. 164, 168; *Gwynne* v. *Board of Education, Town of Huntington,* 259 N. Y. 191, 197.)

So interpreted subdivision 3 of section 520 permits appeal to this court in any criminal case only upon a certification by a justice of the Appellate Division or a judge of the Court of Appeals as therein provided. Since defendant has not obtained such a certification, his appeal taken as a matter of right must be dismissed.

Motion granted and appeal dismissed.