In the Matter of WILLIAM E. LEONARD, as Acting Commissioner of Correction of the State of New York, Appellant, against ELLIOTT A. HORTON, Judge of the County Court of Livingston County, and RAYMOND HALLETT, Respondents.

Fourth Department, March 14, 1951.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General, Herman N. Harcourt* and *Philetus M. Chamberlain* of counsel), for appellant.

*George D. Newton* for Elliott A. Horton, respondent.

*Wilbur F. Knapp* for Raymond Hallett, respondent.

*Per Curiam.* This is an appeal from an order of the Monroe Special Term, denying an application by petitioner as Acting Commissioner of Correction of the State of New York, in a proceeding in the nature of mandamus under article 78 of the Civil Practice Act to direct the County Judge of Livingston County to vacate a sentence imposed by him on respondent, Raymond Hallett, and to reinstate a former sentence.

Respondent, Hallett, after a plea of guilty to an indictment of forgery second degree, was sentenced on March 25, 1940, by the then County Judge of Livingston County to an indefinite term in Elmira Reformatory. Following his commitment and subsequent delinquencies while on parole, his delinquent time was extended to May 28, 1950, that being the maximum date of expiration of his original sentence. On September 6, 1949, the respondent, Hallett, was brought before the present County Judge upon his application for a writ of error *coram nobis,* directed to the District Attorney of Livingston County. The County Judge thereupon set aside the original sentence and resentenced the respondent " to the time already spent in prison to date ", and ordered his release.

The validity of the original sentence being conceded, it follows that the subsequent resentence of the respondent on September 6, 1949, was illegal (Penal Law, § 2188), unless justified by a proper application of the common-law writ of *coram nobis.* This writ is available only to correct an error of fact and not of law. (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *Matter of*

*Lyons* v. *Ward,* 272 App. Div. 120, affd. *sub nom. Matter of Lyons* v. *Fisher,* 297 N. Y. 617; 24 C. J. S., Criminal Law, § 1606, subd. a, p. 143.) The writ here was sought upon one of the clearer instances of a mistake of law, the alleged unfamiliarity of the original sentencing court with the law relating to confinement and treatment of prisoners after sentence. The order of the County Judge vacating the original sentence and releasing respondent, Hallett, from custody was, therefore, improper and illegal.

It follows that the jurisdiction of the court must then be limited by the mandate of the statute. After judgment on a plea of guilty and the beginning of the term of imprisonment, the court was without jurisdiction to permit the defendant to change his plea (*Matter of Dodd* v. *Martin,* 248 N. Y. 394) or to suspend or interrupt such imprisonment. (Penal Law, § 2188.)

Respondents urge that the error, if any, was correctible on appeal and, therefore, the proceeding under article 78 of the Civil Practice Act is not a proper remedy. We cannot agree with this contention. We recognize, of course, that appeals from orders determining *coram nobis* applications — previously unavailable (*People* v. *Gersewitz,* 294 N. Y. 163) — are now authorized. (Code Crim. Pro., §§ 517–519, L. 1947, ch. 706; *People* v. *Hatzis,* 297 N. Y. 163.) However, we consider the right to appeal as an additional, not an exclusive remedy. The provisions of subdivision 4 of section 1285 of the Civil Practice Act, to the effect that relief under article 78 is not available where the determination can be adequately reviewed by an appeal, is, in our opinion, applicable only to review a determination involving an exercise of judgment or discretion (§ 1284, subd. 2) and is not controlling in a proceeding in the nature of mandamus, " ' to ·compel performance of a duty specifically enjoined by law ' ". (§ 1284, subd. 3.)

The enforcement of the criminal law, including the imposition and execution of the sentence required by the statute, is a matter of public concern. The petitioner, Commissioner of Correction, is given by law management and control of the State prisons and of the prisoners therein. (Correction Law, § 112.) He was not made a party to the proceeding before the County Judge and, so far as the record discloses, had no knowledge of the order granted therein until respondent was released from prison and the time to appeal had expired.

The proceeding under article 78 being proper (*Matter of Lyons* v. *Rosenberg,* 271 App. Div. 946), and the relief sought

being discretionary (*Matter of Coombs* v. *Edwards,* 280 N. Y. 361), we conclude that petitioner, under the circumstances of this case, should not be deprived of his only available remedy.

The order appealed from should be reversed on the law and petitioner's application granted, without costs of this appeal to any party.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Order reversed on the law and matter remitted to Livingston County Court with directions to proceed in accordance with the opinion.