In the Matter of WILLIAM E. LEONARD, as Acting Commissioner of Correction of the State of New York, Respondent, against FRANK W. BARNES, as Acting County Judge of the County Court of Broome County, et al., Appellants.

Third Department, March 12, 1952.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General* and *Herman N. Harcourt* of counsel), for respondent.

*Travis & Whiting* for Paul L. Hayner, appellant.

*Frank W. Barnes,* appellant in person.

HEFFERNAN, J.   On May 17, 1948, the appellant Hayner was arrested on a charge of murder, first degree, and was subsequently indicted by a Grand Jury in Broome County for that crime.

On February 22, 1949, Hayner was convicted in the Supreme Court of the crime charged in the indictment.   On appeal the judgment of conviction was reversed by the Court of Appeals (*People* v. *Hayner,* 300 N. Y. 171) and later that indictment was dismissed.

On February 21, 1950, Hayner was again indicted in Broome County for the crimes of rape, second degree, and incest, to which offenses he entered a plea of not guilty.

On May 8, 1950, Hayner's trial on the indictment was scheduled to commence in the County Court of Broome County.   The present County Judge of Broome County was then the District Attorney of that county and the present District Attorney was his first assistant.

Prior to the selection of a jury the prisoner's counsel, the District Attorney and the County Judge had a conference as to what disposition should be made of the case if defendant entered a plea of guilty to the count in the indictment charging rape, second degree.   At the conclusion of the conference the District Attorney, with the sanction of the County Judge, advised defendant's counsel that he would accept a plea of guilty to the crime of rape with the understanding that the sentence to be imposed therefor would be not less than five years

and not more than ten years, defendant to be credited with the time already served while in the county jail. The District Attorney stated that he had made a computation of the date when defendant would be eligible for parole based on a five to ten year sentence and that such event would occur in September, 1951.

Defendant's counsel communicated to his client and to the latter's wife the statements made to him by the District Attorney. On the advice of his attorney and in reliance upon the agreement of the District Attorney defendant pleaded guilty to the crime of rape and was thereupon sentenced by the court to imprisonment in the State prison at Attica, New York, for an indeterminate term of not less than five years nor more than ten years, credit to be given for time already served.

In the month of August, 1951, defendant and his counsel ascertained that the District Attorney had innocently erred in computing the time when defendant would be eligible for parole. Instead of being eligible for parole in September, 1951, defendant would not be eligible until May, 1952.

Thereafter upon his petition and an affidavit of his attorney defendant instituted a proceeding in which he sought an order in the nature of *coram nobis* to vacate the judgment of conviction rendered against him. In the moving papers it is asserted that defendant would never have entered a plea of guilty except for the misrepresentation, although innocently made, by the District Attorney as to the time when he would become eligible for parole.

The County Judge of Broome County was disqualified to hear the proceeding and he designated the County Judge of Chenango County to hear and determine the application.

On August 30, 1951, the Acting County Judge of Broome County, on notice to and with the consent of the District Attorney, made an order vacating the judgment of conviction against defendant and further directed that defendant be returned to the Broome County jail pending the further order of the court.

On October 13, 1951, defendant entered a plea of guilty to the count in the indictment charging him with rape and the court imposed a new sentence and directed that he be imprisoned for an indeterminate term, the minimum of which is two years and the maximum of which is four years, with credit for time already served. No appeal was taken from the judgment of conviction either by the District Attorney or the Attorney-General.

On October 31, 1951, respondent instituted the present proceeding in the nature of mandamus in the Supreme Court under

article 78 of the Civil Practice Act to compel the Acting County Judge to return defendant to the Broome County Court for resentence and to vacate the sentence of two to four years and to reinstate the sentence of five to ten years *nunc pro tunc* as of May 8, 1950.

The Acting County Judge and Hayner both opposed the application which asserted that the Broome County Court had jurisdiction of the *coram nobis* proceeding and was clothed with full authority to render the judgment which it did.

In opposition to the application the former District Attorney of Broome County, with commendable candor and fairness, submitted an affidavit in which he referred to the conference which he had with Hayner's counsel in the presence of the County Judge before Hayner entered a plea of guilty. In that affidavit the District Attorney said: '' That further discussion arose relative to the said date when said prisoner would be eligible for parole under a plea of guilty and the imposition of a sentence of 5 to 10 years to the effect that if the computation as made by deponent was in error, the deponent assured and promised said attorney for Paul L. Hayner that in the event he had mistakenly computed the time when said prisoner would become eligible for parole under a sentence of 5 to 10 years that the prisoner would be free to institute a proceeding under the appropriate remedy allowed by law, namely, *coram nobis,* and that the deponent would not oppose but on the contrary, would consent to such application, so that if there was any material departure from the eligibility date for parole in the figures as computed by deponent, it would be corrected.''

Later and in the same affidavit the District Attorney said:

'' That in view of the fact the application for a writ of *coram nobis* was predicated upon facts which were known to be true, both by deponent and the present District Attorney of Broome County, no opposition was offered by the prosecuting authorities of Broome County to the granting of the writ of *coram nobis* and the subsequent setting aside of the judgment of conviction rendered against said Paul L. Hayner on May 8, 1950.

'' That deponent felt and still feels, that as a matter of good faith, integrity and honesty in the enforcement of the criminal law that such sentence so gained without willful fraud, but through actual mistake of fact, ought in the interests of justice to be vacated and set aside.''

After hearing the matter the Special Term ordered that petitioner's application be granted and from that order appellants have come to this court.

We are satisfied that the Special Term had no jurisdiction to entertain the proceeding or to grant the order under review.

Whenever a plea of guilty has been induced by coercion, deceit, fraud, misrepresentation, trickery, or as a result of a mistake of fact *coram nobis* is the appropriate remedy to obtain relief, available however, only in the court in which the judgment was rendered (*People* v. *McCullough*, 300 N. Y. 107; *Matter of Lyons* v. *Goldstein*, 290 N. Y. 19; *Matter of Morhous* v. *New York State Supreme Court*, 293 N. Y. 131; *People* v. *Richetti*, 302 N. Y. 290; *People* v. *Guariglia*, 303 N. Y. 338).

Upon the conceded facts in this case *coram nobis* was the sole remedy of the prisoner. He was induced to enter a guilty plea solely upon the erroneous statements made by the District Attorney. As was said by Judge Dye, speaking for the Court of Appeals in *People* v. *Guariglia* (*supra*, p. 343) he " bargained away his original plea of ' not guilty ' and substituted a plea of ' guilty ' in the expectation of leniency, which he did not get."

In order to sustain the order appealed from respondent asserts that the mistake made, if any, was a mistake of law.

The evidence in the record before us completely refutes that argument. The statements made to Hayner to induce him to plead guilty were statements of fact and not of law, were false, and their falsity is conceded by the prosecutor who made them. Not only that but he has urged that the original judgment should be corrected for that reason.

To sustain the order of the Special Term respondent is relying upon the authority of *Matter of Leonard* v. *Horton* (278 App. Div. 62, 63–64). That case does not avail respondent. In the *Horton* case it was conceded that no fraud, coercion, deceit, trickery or misrepresentation was practiced to procure a guilty plea. In its opinion the Appellate Division said: " The validity of the original sentence being conceded, it follows that the subsequent resentence of the respondent on September 6, 1949, was illegal (Penal Law, § 2188), unless justified by a proper application of the common-law writ of *coram nobis*. * * * The writ here was sought upon one of the clearer instances of a mistake of law, the alleged unfamiliarity of the original sentencing court with the law relating to confinement and treatment of prisoners after sentence."

In the case before us the error was one of fact and not of law.

In our opinion the Broome County Court had jurisdiction to set aside the original judgment of conviction. Having vacated that judgment and Hayner having again entered a guilty plea to the charge of rape the sentence to be imposed was solely one

to be determined in the judgment and discretion of the County Court.

The respondent contends that in vacating the judgment of conviction the court should not have disturbed the maximum term fixed in the original judgment. That contention lacks merit. When the original judgment was vacated the sentencing court was empowered to pronounce such a judgment as it deemed proper within the statutory limitation (Penal Law, § 2010).

In view of the conclusion at which we have arrived it is unnecessary to pass upon the question of the authority of respondent to review the judgment in the *coram nobis* proceeding under article 78 of the Civil Practice Act.

The order appealed from should be reversed on the law and the proceeding dismissed, with $50 costs and disbursements to appellants.

FOSTER, P. J., BREWSTER, BERGAN and COON, JJ., concur.

Order reversed, on the law and facts, and the proceeding dismissed, with $50 costs and disbursements to appellants.