THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS KILBRIDE, Appellant.

First Department, June 18, 1952.

*S. S. Goldsmith* of counsel (*Feldschuh & Goldman,* attorneys), for appellant.

*Paul A. Stone* of counsel (*Richard G. Denzer* with him on the brief; *Frank S. Hogan, District Attorney, New York County,* attorneys), for respondent.

*Per Curiam.* On this application for a writ of error *coram nobis,* defendant submitted sworn statements that he was not represented by counsel when he pleaded guilty and when he was sentenced. The People submitted nothing to refute such statements. Accordingly, we feel constrained under the rules of law laid down by the Court of Appeals to modify the order appealed from to the extent of granting a hearing (*People* v. *Richetti,* 302 N. Y. 290, 294–295; *People* v. *Guariglia,* 303 N. Y. 338, 342–343; *People* v. *Langan,* 303 N. Y. 474, 480). The People did not oppose the granting of a hearing on defendant's application and do not oppose it on this appeal. Of course, it will be for the judge at the hearing to pass on all questions of fact including the credibility of defendant especially in view of the passage of time and other facts commented on in the opinion herein of the learned Judge at General Sessions. Settle order.

VAN VOORHIS, J. (dissenting). It appears from the records of the Court of General Sessions that appellant was represented by counsel in 1931 at the time when he was arraigned.

He then pleaded not guilty. Two days later he changed this plea to guilty. His affidavit upon the present application for a writ of error *coram nobis,* states that he did not see his lawyer again after pleading not guilty, and that he changed his plea to guilty of a lesser crime at the suggestion of the assistant district attorney. The court records do not show that any lawyer was present in court when he changed his plea to guilty of the lesser crime or at the time of the imposition of sentence.

Where the court record shows that a defendant in a criminal prosecution was represented by counsel at the time of his arraignment, it does not seem to me that *People* v. *Richetti* (302 N. Y. 290), *People* v. *Guariglia* (303 N. Y. 338) and *People* v. *Langan* (303 N. Y. 474) hold that he is entitled to a hearing in a *coram nobis* proceeding merely for the reason that the record of the criminal court fails to show that the attorney appeared in court with him on subsequent occasions when steps were taken affecting his rights, even if he avers that he changed his plea without taking the advice of counsel. A defendant has the right to counsel at each and every stage of a criminal prosecution, but nothing in the law requires that he avail himself of this right, provided that he has been informed (as he was here) of its existence before being arraigned.

Not infrequently attorneys advise clients who are under indictment to change their pleas to guilty, and to throw themselves upon the mercy of the court, believing that appeals for clemency will be more effective if made by the defendant in person and alone, rather than when accompanied by counsel. The point is not that the lawyer who appeared upon the arraignment twenty-one years ago cannot be expected to remember whether his client consulted him about changing his plea (even if the lawyer be still alive and the communication be not privileged), but rather that on appellant's version of what occurred, he is entitled to no relief even if he did change his plea without legal advice, after having been advised of his right to counsel before his arraignment, and having been represented by counsel on his arraignment two days previously. The lawyer evidently advised him in the beginning to plead " not guilty ", and it is possible that appellant did not see the lawyer again. But if, as he avers, he elected to act upon the suggestion of the assistant district attorney and to plead guilty without talking again to the lawyer who had been assigned to him, no infirmity resulted in the conviction on his plea of guilty.

The order appealed from should be affirmed.

PECK, P. J., DORE and HEFFERNAN, JJ., concur in *Per Curiam* opinion; VAN VOORHIS, J., dissents and votes to affirm in opinion in which COHN, J., concurs.

Order modified to the extent of granting a hearing. Settle order on notice.