THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL HASENSTAB, Appellant.

Fourth Department, March 3, 1954.

*Maurice Lutwack* for appellant.

*John F. Dwyer, District Attorney (Robert A. Burrell* of counsel), for respondent.

VAUGHAN, J. This appeal brings up for review the denial of petitioner's motion for a writ of error *coram nobis*. Now an inmate of Attica State Prison, petitioner was sentenced on February 20, 1942, to a term of from five to ten years, upon a plea of guilty of assault in the second degree. At that time, he was on parole from a prior uncompleted sentence which had approximately five years to run. This proceeding is to vacate the conviction and sentence for second degree assault on two grounds: (1) The plea of guilty was allegedly induced by the promise of the District Attorney to seek a suspended sentence; (2) Petitioner was not represented by counsel at the time of the sentence. After a hearing at which these points were developed, and at which petitioner appeared and testified, the motion was denied by the Special Term of Supreme Court, Erie County.

The salient facts are as follows: On January 30, 1942, petitioner was indicted for the crimes of burglary in the second and third degrees and assault in the second degree. Arraigned the same day, petitioner appeared with counsel and pleaded not guilty. On February 10, 1942, on the advice of counsel, petitioner withdrew the said plea and entered a plea of guilty of second degree assault. The petitioner alleges that his attorney had advised petitioner of a conversation with the District Attorney, who had agreed to seek a suspended sentence if petitioner pleaded guilty to assault second degree, evidently on the

ground that petitioner's parole having been violated, he would be committed to complete his prior sentence. This allegation is categorically denied by the affidavit of the assistant district attorney who handled the case. Counsel for petitioner cannot now remember whether such a promise was ever made. At any rate, there is no doubt that defendant enjoyed the benefit of counsel when he entered the plea of guilty. When defendant appeared for sentence — for the first time without the aid of his attorney — he informed the court: " All I would like to say is my attorney Capt. Lutwack is in the Army. He was supposed to represent me today." To this the court replied: " Capt. Lutwack talked with me before he went away with regard to this case and the situation, so I know about it." The court then imposed sentence without informing defendant of his " right " to counsel and without an assignment of counsel. We may now consider separately the points urged in support of the motion.

(1) The alleged promise to seek a suspended sentence. The first proposition is that punishment is no function of the District Attorney, as petitioner's counsel must be presumed to have known. This distinguishes cases involving the alleged fraud of the trial court, whose duty it is to sentence the prisoner (*People* v. *Sullivan,* 276 App. Div. 1087). Of course, it would be going too far to say that a plea of guilty fraudulently induced by the prosecutor is never ground for *coram nobis* relief (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19). Two recent cases indicate the circumstances under which the prosecutor's misrepresentation as to sentence may or may not require vacation of a plea of guilty. *Matter of Leonard* v. *Barnes* (280 App. Div. 1, affd. 303 N. Y. 989) involved a conference attended by defendant's counsel, the County Judge and the District Attorney. The latter stated that if defendant would plead guilty, he would receive a sentence which would render him eligible for parole about September, 1951, and that should this computation of the eligibility date prove incorrect, the District Attorney would consent to an application for *coram nobis* and resentence. The County Judge sanctioned this offer. After defendant pleaded guilty, it appeared that he could not actually become eligible for parole until May, 1952. It was held that *coram nobis* was the correct procedure to vacate the judgment of conviction, defendant's plea having been induced by the prosecutor's innocent misrepresentation. This, clearly, is far removed from the present case. In the first place, the representation in the *Barnes* case was sanctioned by the court, upon whose assurances defend-

ant could reasonably rely. Secondly, that case involved an express agreement between the parties that *coram nobis* would be available to correct any error; that being so, it would have been fraudulent in the highest degree for the District Attorney to repudiate his bargain, and indeed he consented to the relief sought. Finally, the representation as to date of eligibility for parole concerned a material fact and was not promissory in character. The *Barnes* case, then, presented much more than a mere promise to '' urge the Court to suspend sentence ''.

In *People* v. *De Maio* (279 App. Div. 596, affd. 303 N. Y. 939), the motion to vacate was based on the same grounds as in the present case, viz.: (1) although defendant was represented by counsel at the time he pleaded guilty, his attorney was not present at the time of sentence; (2) when defendant pleaded guilty, his attorney and an assistant district attorney '' assured me that were I to accept such a plea, that I would be sentenced to Elmira Reformatory. I was further assured that under no circumstances would I receive a severer sentence.'' The record on appeal in the *De Maio* case indicates that the People did not put in issue any of the facts alleged by defendant. Conceding *arguendo* the truth of defendant's allegations, the People challenged their legal sufficiency as a basis for the relief sought. The motion was denied in all courts. The *De Maio* case seems indistinguishable from the case at bar, and amply supports affirmance thereof.

We conclude that the claim of fraud is legally defective. It is also factually deficient. The judgment of conviction carries with it a presumption of regularity (*Johnson* v. *Zerbst,* 304 U. S. 458, 468), and defendant bears the burden of sustaining his allegations by a fair preponderance of the credible evidence (*People* v. *Shapiro,* 188 Misc. 363). His credibility, of course, was for the court below (*Hawk* v. *Olson,* 326 U. S. 271, 279; *People* v. *Kilbride,* 280 App. Div. 275; *People* v. *Weil,* 281 App. Div. 1054). The position of the petitioner in a *coram nobis* case has been well stated as follows: '' The burden is on defendant to show by clear and convincing proof that his constitutional and statutory rights were denied him upon his arraignment on the 1902 indictment. The judgment of conviction is supported by a presumption of regularity which defendant is required to overcome by a preponderance of the credible evidence. His statement that he was not informed of his right to counsel is not conclusive, and the court was justified in denying his application ''. (*People* v. *Barber,* 276 App. Div. 1040.) Certainly

the court below was not required to accept petitioner's version of a disputed question of fact.

(2) The absence of petitioner's counsel at the time of sentence. First, it is clear that neither the State nor Federal Constitution requires an assignment of counsel at the time of sentence. The New York Constitution (art. I, § 6) provides that "in any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel as in civil actions". In *Betts* v. *Brady* (316 U. S. 455, 466), Justice ROBERTS explained this provision by the fact that by English common law a prisoner was originally not permitted to be heard on a plea of not guilty to any indictment for felony or treason. "In the light of this common law practice, it is evident that the constitutional provisions to the effect that a defendant should be ' allowed ' counsel or should have a right ' to be heard by himself and his counsel,' or that he might be heard by ' either or both,' at his election, were intended to do away with the rules which denied representation, in whole or in part, by counsel in criminal prosecutions, but were not aimed to compel the State to provide counsel for a defendant."

It is well settled that the Sixth Amendment to the United States Constitution applies only to the Federal Government and not to the States. (*Betts* v. *Brady, supra,* p. 461.) Whether that amendment requires the presence of counsel at the time of sentence in Federal prosecution is unclear. (Cf. *Willis* v. *Hunter,* 166 F. 2d 721, certiorari denied 334 U. S. 848; *Batson* v. *United States,* 137 F. 2d 288; *Wilfong* v. *Johnston,* 156 F. 2d 507; *Martin* v. *United States,* 182 F. 2d 225, certiorari denied 340 U. S. 892.) Be this as it may, the Fourteenth Amendment requires the assignment of counsel in noncapital State cases only where special circumstances rendered the benefit of counsel essential to a fair hearing. (*Foster* v. *Illinois,* 332 U. S. 134; *Quicksall* v. *Michigan,* 339 U. S. 660; *Canizio* v. *New York,* 327 U. S. 82.) For example, in *Betts* v. *Brady* (*supra*), petitioner was indicted for robbery in a State court. He was financially unable to employ counsel and so informed the court at his arraignment, requesting appointment of an attorney to represent him. The court refused, on the ground that it was not the practice to appoint counsel in that county except in prosecutions for murder and rape. The Supreme Court affirmed the conviction over the objection that the accused had been denied due process of law. We conclude that if an accused has a right to assignment of counsel at the time of sentence, such right must find its origin in the Code of Criminal Procedure.

In this State a criminal case has three stages: (1) the preliminary hearing; (2) the plea or trial, and (3) the sentence. Section 188 of the Code of Criminal Procedure provides: " When the defendant is brought before a magistrate   *   *   * the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had." Similarly, section 308 provides: " If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel." Thus there is express statutory provision for counsel up to the time of sentence. Title IX of the Code (" Judgment and Execution ") is silent on the subject. Perhaps this omission renders pertinent the rule stated in Corpus Juris Secundum (Vol. 24, Criminal Law, § 1574): " While the practice of sentencing accused in the absence of his counsel has been condemned, it has been held that where the statute does not so require, and where the sentence is not considered part of the trial, it is not necessary that counsel for the accused be present when sentence is pronounced, and that the fact that such counsel was not present when sentence was pronounced, notice of the time having been given to him, in the absence of a showing that accused was prejudiced thereby, is not ground for objection." (Cf. *People* v. *St. John,* 281 App. Div. 1061.)

*People* v. *De Maio* (279 App. Div. 596, affd. 303 N. Y. 939, *supra*), has already been referred to as supporting the conclusion that defendant should not be resentenced because of the absence of his counsel. To the same effect is *People* v. *Davis* (64 Hun 636, opinion in 19 N. Y. S. 781, unanimously affd. on opinion below, 135 N. Y. 646). Section 697 of the former Penal Code provided that if a defendant was to be sentenced to a longer period than one year, it was the duty of the court to limit the term of the sentence so that it would expire between March and November. The record on appeal indicates that defendant was originally sentenced to a term of four years at hard labor; that this sentence failed to comply with section 697; and that the court thereupon ordered defendant brought into court and, in the absence of his counsel and without giving notice to his counsel or assigning other counsel, increased the sentence to four years and three months at hard labor. Both in the General Term and in the Court of Appeals, defendant urged the invalidity of the resentence. To this the court replied (19 N. Y. S. 781, 783): " It was a proper exercise of authority, and we think the absence of the prisoner's counsel worked no

wrong. He was not deprived of counsel, nor were his rights in any way prejudiced or jeopardized by the absence of counsel at that stage of the proceeding. It was not a violation of section 8 of the Code of Criminal Procedure.''

We do not believe that denial of his motion worked any real injustice or hardship to the petitioner. He was represented by counsel, and advised of his right thereto, at the arraignment and at all times subsequently until the date of sentence. His attorney had discussed the case with the court and had ample opportunity to advance any circumstances in mitigation.

All concur. Present — VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order affirmed, without costs of this appeal to either party.