THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH SIDOTI, Appellant.

Fourth Department, March 7, 1956.

*Joseph Sidoti,* appellant in person.

*John F. Dwyer, District Attorney (Robert A. Burrell* of counsel), for respondent.

WHEELER, J. Petitioner-appellant has appealed from the denial of his motion to set aside his sentence and for a resentence. Petitioner was sentenced in October, 1937, as a second felony offender, his prior conviction having been in the State of Ohio. No question is raised regarding the facts in connection with the prior conviction and sentence in Ohio. The sole issue apparent in the moving papers is concerning the legal effect of the Ohio conviction, with respect to the charges filed against the petitioner in that State, upon petitioner's sentence upon the New York conviction. The validity of the conviction in New York State is not questioned in the moving papers, which disclose the sole relief asked by the petitioner to be that he be resentenced, as a first felony offender. This motion is predicated upon purported errors, either in the Ohio court or in the New York court's erroneous interpretation of the prior Ohio conviction. However, no error of fact appears, and the error, if at all, was one of law. Further, it being axiomatic that we may not pass upon the legality or validity of the prior foreign judgment of conviction, the sole error upon which a resentence might rest would be that of the New York court.

Although the petitioner has labeled this proceeding as an application for a writ of error *coram nobis,* we cannot consider it as such. The effect of the admitted facts in connection with appellant's prior Ohio conviction upon his sentence after a felony conviction in this State is without any doubt a question of law — which cannot be raised upon the writ of error *coram nobis.* The relief offered by *coram nobis* is available only to correct an error of fact, but is not available to the convicted defendant to correct errors of law. (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *Matter of Lyons* v. *Ward,* 272 App. Div. 120, affd. *sub nom. Matter of Lyons* v. *Fisher,* 297 N. Y. 617; *Matter of Leonard* v. *Horton,* 278 App. Div. 62; 24 C. J. S., Criminal Law, § 1606, subds. a, b, par. [4].) To paraphrase what we said in the *Horton* case (*supra*): the writ here is sought upon one of the clearer instances of a mistake of law — the alleged mistake of the court as to the effect of the prior Ohio conviction as a conviction for a crime which, if committed in New York State, would be a felony.

As a motion for a writ of error *coram nobis,* petitioner's application would be properly denied, although he would now have the right to appeal that order of denial (Code Crim. Pro., §§ 517–

519, as amd. by L. 1947, ch. 706; *People* v. *Hatzis,* 297 N. Y. 163). However, we have looked to the substance of the application rather than to its label, and have chosen to consider the application for what it really is, and to treat it as a motion for a resentence. The relief asked is nothing more than resentence as a first felony offender, and the motion is founded solely upon an alleged error of law. This view requires a dismissal of the appeal without passing upon the merits, as there is no right of appeal from an order denying an application for a resentence. The doctrine, which has become fundamental in our law, that an appeal in a criminal case is not a matter of inherent or constitutional right, but exists only by virtue of statutory authorization (*People* v. *Zerillo,* 200 N. Y. 443), has been thoroughly considered and discussed in *People* v. *Gersewitz* (294 N. Y. 163), and cases therein cited. It should suffice to point out these decisions, as no purpose would be served by our reiteration of what has been there written. In the absence of a statute permitting an appeal from an order denying petitioner's motion, we find no basis upon which the order denying the application may be reviewed. As regards writs of error *coram nobis,* the question of appealability has been resolved by statute; not so with regard to an application or motion for a resentence. (*People* v. *Varriale,* 278 App. Div. 1010; *People* v. *Frankola,* 264 App. Div. 741.)

The decisions in the appellate courts which have been concerned with an issue of illegality of a sentence have arisen (with the exception of *coram nobis* proceedings, appealable by statute) upon either habeas corpus (*People ex rel. Newman* v. *Foster,* 297 N. Y. 27; *People ex rel. Carollo* v. *Brophy,* 294 N. Y. 540), mandamus (*People ex rel. Sloane* v. *Lawes,* 255 N. Y. 112; *Matter of Cedar* v. *Judges of Ct. of General Sessions, N. Y. Co.,* 240 App. Div. 182, affd. 265 N. Y. 620), or upon an appeal from the judgment of conviction (*People* v. *Olah,* 300 N. Y. 96).

We have reached the conclusion that the order from which the instant appeal was taken is not appealable, and that the appeal should be dismissed. The petitioner-appellant is not without a remedy. (*People ex rel. Carollo* v. *Brophy, supra.*)

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Williams,. JJ.

Appeal dismissed on the ground that the order is nonappealable.