Thomas Dickens, J.
Nonrepresentation by counsel pursuant to section 308 of the Code of Criminal Procedure is the essence of this motion for coram nobis relief.
Involved are the attainder by confession and the sentence imposed therefor more than four decades ago, or, to be more exact, in the year 1914, a long span of years from then to the present time during which most of, if not all, the actual participants of the prosecution in question have, in all probability, died (cf. People v. Varelli, 277 App. Div. 887, affd. 302 N. Y. 641).
As in the moving papers (cf. People v. Erdmann, 2 A D 2d 757; People v. Barber, 276 App. Div. 1040; People v. Church, 2 A D 2d 930), so at the formal hearing of the motion, defendant failed to produce corroborative proof of substantial and probative value to bolster his self-regarding evidence relative to nonrepresentation by counsel (People v. Boehm, 285 App. Div. 245, affd. 309 N. Y. 362; People v. Pilkington, 2 A D 2d 731).
As a result, the material presumptions of regularity (People v. Lake, 190 Misc. 794, appeal dismissed 299 N. Y. 675), the presiding Judge’s due performance of duty (People ex rel. Asaro v. Morhaus, 268 App. Div. 1016, appeal dismissed 294 N. Y. 694; People v. Shapiro, 188 Misc. 363; People v. Hall, 186 Misc. 62), and the justice of the sentence (Ballentine’s Law Dictionary, p. 996 [top]), remain intact.
Besides the militating effect of the dearth of corroborative proof, aforestated, the available documentary proof, in turn, tends also to militate against defendant’s cause.
The jackets of the proceedings of 1914 in the Magistrates’ Court and the Court of General Sessions provide, as documentary proof in mute solemnity, telltale revelations on the subject in issue. Thereon appears the name of an attorney — in both instances the same name — as counsel.
The jacket of the Magistrates’ Court attests to the filing of a notice of appearance in behalf of defendant, and that of the Court of General Sessions attests to a notation of the letter “ P ” alongside such attorney’s name (cf. People v. Tripp, 282 App. Div. 987; People v. Carelli, supra; People v. Lake, supra; People v. Kaplan, 128 N. Y. S. 2d 821). This cipher, as explained by an official clerk, connotes the word “ Present ” and is indicative of the presence of the attorney at the arraignment, in accordance with a custom employed in those days (cf. People v. Pilkington, supra).
The thwarting force of such official documents goes a long way as an aid in arriving at a justiciary disposition (Frank on Coram Nobis [1953 ed.], p. 86 et seq.).
*932 In other words, the authenticity of these documents, by virtue of the presumption that the clerks who had made these entries thereon did their duty in conformity with the law (People v. Beerman, 12 N. Y. S. 2d 888), when considered particularly with the informative maxim that “ Written words endure ”, or, better still, with the more explicitly informative maxim that “ Speech flies away; written letters endure ”, and, also, with the further informative maxim that, “ That which is proved by the record ought not to be denied ” (Ballentine’s Law Dictionary, pp. 764, 1078, 1350), bears such juridical weight as to tip, with convincing effect, the scales against defendant.
It is quite evident from the foregoing conspectus that the required proof demanded by the law — in this instance proof of a substantial and probative calibre (People v. Boehm, supra) — is missing.
In judging, this court cannot abdicate any of its functions, and so must, in good conscience, apply the law as this court finds it (People ex rel. Stapleton v. Bell, 7 N. Y. S. 701, 702, affd. 54 Hun 567, affd. 119 N. Y. 175) and must accept and apply the doctrines of the law as they are (People v. M’Kane, 7 Misc. 478, affd. 80 Hun 322, affd. 143 N. Y. 455).
In a nutshell then, the failure of defendant to sustain the burden of proof by a fair preponderance of the credible evidence with which the law saddles him in a setting like the one at bar (People v. Oddo, 283 App. Div. 497; People v. Hasenstab, 283 App. Div. 433), calls for a decisive ruling adverse to defendant.
Having accorded this defendant the maximum of legal opportunity to vindicate his position (People v. Boehm, supra, p. 402), and defendant having failed, this court is, thereupon, left with one course open, and that is, to declare a denial of the motion in all respects.
The motion is therefore denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant and his attorney.