Thomas Dickens, J.
The depriving of his right to representation by counsel, forms the core of defendant’s coram nobis motion.
Particularly stated, the grievances are that not only was he not represented at any time during the progressive stages of the prosecution of the indictment in 1920, and at the addiction following, but also was neither advised nor made aware of such right. This right he had never waived.
These grievances and the nonwaiver, defendant confirmed tinder oath at the hearing. He was the only witness for himself.
On the People’s side, neither documentary nor testimonial evidence was introduced to gainsay or to dispute this testimony. It now stands uncontradicted and unrefuted.
And, lending cumulative force to the credibility of defendant as a witness, even though an interested one, is the uninformatory condition of the file of the case in the clerk’s office.
This file does not bear any semblance of an entry of an attorney’s name, which, if otherwise, might have shed some additional revealing light on the subject, and thereby have provided the probable master key as a valuable aid in probing for the solution. Its absence tends, in the present circumstances, to redound to the credit of defendant’s side of the controversy. (Cf. People v. Canfora, 9 Misc 2d 930, 931 et seq.; cf. Frank on Coram Nobis [1957 Supp.], p. 80, par. 4.02, p. 34.)
The unilateral state of the all-inclusive record, that is, to be more specific, the record of defendant’s testimony, uncontradicted and unrefuted, and the barrenness of the court file concerning representation by counsel, leaves me judicially with the only course to follow.
In view thereof, I feel obliged in the exercise of judicious discretion, compatible with the preponderence of credible evidence, to find that defendant has sustained the burden of proof by demonstrating to my sufficient satisfaction that there was a non adherence to the statutory mandate in question. (See Frank on Coram Nobis [1957 Supp.], p. 44, n. 51, ann., 3d par.)
The motion is consequently granted.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant and to his attorney.