■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD JONES, Appellant, against CHEMUNG COUNTY COURT, Respondent.— This is an appeal from an order of the County Court of Chemung County denying the appellant's application for a writ of *coram nobis,* asking for a vacatur of a judgment of conviction. The appellant was indicted for the crime of the carnal abuse of a child and on May 8, 1953 he plead not guilty. Subsequently on June 22, 1953 he changed his plea to that of guilty and on June 26, 1953 he was sentenced to from two and one-half to five years at Attica State Prison. In his application the appellant alleged that he had not been represented by counsel at the time of his sentencing. It was conceded by the People that he had not been represented by counsel when sentenced. The People argue that he was represented by counsel up to and including the time when he plead guilty and that this was sufficient. A hearing was held on the application on May 28, 1954 and on March 28, 1956 the application was denied. On this appeal the appellant states that he bases his argument solely on the ground that he was not represented by counsel at the time of sentence, and he states that when sentenced section 480 of the Code of Criminal Procedure was not complied with and that an agreement as to the sentence he was to receive was not carried out. The People argue that a defendant is not guaranteed the right to counsel at the time of sentencing, that there is no proof of any fraudulent promises as to sentence and that *coram nobis* is not the proper remedy for a failure to comply with section 480 of the Code of Criminal Procedure. Although the appellant is not basing his application for

a writ of *coram nobis* on the noncompliance with section 480 of the Code of Criminal Procedure it is clear as the People point out that such an error cannot be remedied by *coram nobis* (*People* v. *Sullivan,* 3 N Y 2d 196). Further, although it appears from statements, set forth in appellant's brief, made by attorney Riggs when the plea of guilty was entered and a statement by the court when sentence was pronounced, that some agreement had been reached as to sentence the appellant has not demonstrated that this agreement was not lived up to or that any false representations were made by the court or the District Attorney. The real question presented here is whether the lack of representation by counsel at the time of sentencing amounted to the deprivation of a fundamental right warranting the granting of relief by way of *coram nobis*. It has been clearly held that the absence of counsel at the time of the pronouncement of sentence is not a ground for vacating the judgment of conviction (*People* v. *De Maio,* 279 App. Div. 596, affd. 303 N. Y. 939; *People* v. *Hasenstab,* 283 App. Div. 433). The appellant here was represented by attorney Judson Hoover at the time of his arraignment and when he entered a plea of not guilty to the indictment. Attorney Hoover thereafter withdrew from the case and at the time a plea of guilty was entered it appears in the clerk's minutes, and the appellant apparently concedes, that attorney Riggs was present with him. It would therefore appear that the rights of the appellant were adequately protected and that the order should be affirmed. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.