■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN W. CALLAHAN, Appellant.— Judgment of resentence unanimously reversed and

matter remitted to Onondaga County Court for further proceedings in accordance with the memorandum. Memorandum: In 1948 defendant was sentenced as a third felony offender to a term of 10–20 years. Later it appeared that the sentence was erroneous in that he should have been sentenced as a second felony offender. In 1962 he was resentenced and the same term of 10–20 years was pronounced. The proceedings on the resentence were cursory and abrupt. The resentencing Judge merely announced that he would resentence and asked the usual question whether defendant knew of any reason why sentence should not be pronounced against him. (Code Crim. Pro., § 480.) Defendant said he did not, and sentence was then pronounced. Defendant was not advised of his right to counsel nor of any of the other rights that a defendant might demand or request upon resentence. As he stood before the court he was in the position of a man who had never previously been sentenced. "He stood before the court as one who had never been sentenced at all". (*People* v. *MacKenna,* 298 N. Y. 494, 498.) Although a defendant who is sentenced after a judgment of conviction is not normally advised of his various rights, it seems that after a period of 14 years from the date of the original sentence the defendant was entitled to more than he received. He should have been fully advised of his right to counsel and of the law as to assigned counsel in case of indigency. In 1954 this court held in *People* v. *Hasenstab* (283 App. Div. 433) that neither the State nor Federal Constitution required assignment of counsel at the time of sentence and that the Sixth Amendment to the United States Constitution entitling an accused to counsel applied only to the Federal Government and not to the States. Since that time there have been various decisions to the contrary (*Hawk* v. *Olson,* 326 U. S. 271; see, also, *Carter* v. *Illinois,* 329 U. S. 173). The latest decision is *Gideon* v. *Wainwright* (372 U. S. 335) in which the United States Supreme Court held that the right of an indigent prisoner to have the assistance of counsel is fundamental and that petitioner's trial and conviction in a Florida State court without the assistance of counsel violated the United States Constitution. This and other cases in effect overrule the decision in the *Hasenstab* case. The order should be reversed and the defendant remanded to the Onondaga County Court for resentence, at which time he shall be fully advised of his right to counsel. (Appeal from judgment of Onondaga County Court resentencing defendant as a second felony offender following an original sentence on December 16, 1948 as a third offender.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.