■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL DE FIORE, Appellant.— In a *coram nobis* proceeding, order of the County Court, Nassau County, dated September 29, 1966 and made after a hearing, which denied defendant's motion to vacate a judgment of conviction rendered February 7, 1964, reversed, on the law and the facts, judgment and defendant's guilty plea vacated, and defendant's plea of not guilty reinstated. In our opinion, the proof shows that (1) the trial court, in exchange for defendant's guilty plea, made an implied in fact promise to sentence defendant to a minimum term of approximately three and a half years; (2) the latter promise was made because of the trial court's, the People's and defendant's counsel's reliance upon an error of fact, contained in the People's records, concerning the time remaining upon defendant's parole in connection with concurrent terms theretofore imposed for a prior felony conviction; and (3) the trial court and defendant's counsel appear to have been confused concerning the maximum term to be imposed by the trial court in connection with defendant's plea. Under such circumstances, the trial court's denial of defendant's motion to withdraw his guilty plea violated due process (see, *People* v *Sullivan,* 276 App. Div. 1087; cf. *People* v. *Freeman,* 7 A D 2d 960; *Matter of Leonard* v. *Barnes,* 280 App. Div. 1, affd. 303 N. Y. 989). Brennan, Hopkins and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to affirm the order, with the following memorandum, in which Rabin, J., concurs: After a hearing, the court below found, in effect, that (1) while, at the time of the guilty plea, the trial court, the Assistant District Attorney and defense counsel were under the erroneous impression that defendant still had 11 years to serve on a parole violation and this precipitated a discussion about a 3½ to 7 year sentence, the trial court nevertheless clearly expressed the understanding that defendant was to serve no less than 14 years and (2) in no event was any promise made to defendant or his attorney that he would serve a minimum term of other than 14 years. I see no basis for rejecting these findings. Nor do I find any support, from the evidence adduced, for affording defendant, by this *coram nobis* application, the very relief to which a majority of this court foud he was not entitled on his appeal from the judgment (*People* v. *De Fiore,* 21 A D 2d 900, affd. 15 N Y 2d 808), predicated on a conclusion that defendant had contributed to the erroneous impression and confusion with respect to the time remaining to be served on his parole violation. In my opinion, the prejudice to the People, engendered by a reinstatement of defendant's not guilty plea at this time, more than four years after sentence, when the elderly complaining witness was even then too ill to appear in court, requires a more persuasive basis than that found by the majority for (a) re-evaluating our postion taken on defendant's appeal from the judgment, (b) rejecting the factual findings of the court below and (c) reinstating defendant's not guilty plea.