Thomas Dickens, J.
In this application, the defendant moves for a hearing with the view toward setting aside his attainder by confession, entered in 1962. For his reason, he advances the grievance that he was not advised of his right to appeal, citing the recently celebrated case of People v. Montgomery (24 N Y 2d 130) as supporting authority.
The defendant had been originally charged with the crimes of robbery in the second degree, grand larceny in the first degree, and assault in the second degree.
On September 6,1962, the defendant was granted the privilege of pleading guilty to the lower crime of attempted robbery in the third degree, as the result of a compromise which covered the several crimes originally charged in the indictment.
It should be noted at this point, for comparative purposes, that in the Montgomery case (supra), a 15-year-old boy was the subject of an attainder by conviction for murder in the second degree. A codefendant and he were thereafter sentenced to a term running from 25 years to life. The codefendant appealed *344 from the judgment of conviction, and eventually became successful in having the higher court modify the crime of murder in the second degree to manslaughter in the second degree. As a result, the'original sentence was reduced. Instead, he was given 7% to 15 years. Montgomery, on the other hand, did not take an appeal. The reason he gave for his not taking an appeal, was that he had at no time been advised of his right to appeal either by the court or by his counsel.
In the case at bar, however, the defendant herein was 27 years old at the time of his arrest. He had been arrested three times prior thereto. These arrests, as part of the record, cannot be denied (People v. Canfora, 9 Misc 2d 930, 932, affd. 6 A D 2d 781, cert. den. 359 U. S. 918). He was not of tender years as was Montgomery, but, as his present age would indicate, he was mature when arrested this time. His submission by a confession in open court to a crime lower in degree places him outside the scope of the pronouncements in the Montgomery case. Instead, his submission brings him within the pronouncements of such cases as People v. Grant (N. Y. L. J., July 10, 1969, p. 10, col. 1); People v. Andrews (N. Y. L. J., July 30, 1969, p. 2, col. 5); People v. Elfe (N. Y. L. J., July 30, 1969, p. 2, col. 4) and People v. Washington (N. Y. L. J., Sept. 15, 1969, p. 16, col. 2). (See, also, People v. Massoni, N. Y. L. J., July 16, 19691, p. 13, col. 1.) In other words, the Montgomery case, as I see it, is factually distinguishable from these cited cases, as well as from the case at bar.
Moreover, in the face of the defendant’s three prior arrests as reflective on the defendant’s credibility, I quote from the Montgomery citation, the following apropos language (24 N Y 2d 130, 133): “ this petitioner, who had no previous experience with the law, could not be expected to file a notice of appeal.”
Can the same thing be said of this defendant ? I doubt it in the light of his three prior arrests; therefore, guided by the high canon of common sense, I doubt his credibility.
See, also, the various instances considered by the courts in each of the following citations, regarding a defendant’s prior experience with the law and its effect: People v. Passante (22 Misc 2d 11,13-14, affd. 18 A D 2d 969); People v. Bodie (16 N Y 2d 275); People v. Carbonaro (21 N Y 2d 271, 278); People v. Jett (22 N Y 2d 800).
In view of the foregoing, I am of the opinion that I have no alternative but to deny this application. Application denied.