John M. Keahe, J.
By a petition verified June 30, 1970, defendant seeks a writ of error coram nobis to vacate his judgment of conviction for the crime of burglary, third degree, entered December 5, 1955, to which he pled guilty, upon the ground that he was not advised of his right to an appellate review of this plea. The basis for the relief requested, of course, is found in the decision of People v. Montgomery (24 N Y 2d 130). Defendant alleges that neither his counsel nor the court advised him of the right to appeal after he had been sentenced to one year in the Broome County Jail. An answering affidavit from the District Attorney’s office, verified December 17, 1970, requests that the relief sought be denied without a hearing.
As so frequently happens, the sentence in 1955 acquired a much greater significance when it allegedly became a predicate for a sentence on a subsequent felony conviction. Although the defendant mentioned no other conviction in his papers, the records in this court indicate that he also pled guilty on November 19, 1959 for violating subdivision 4 of section 1897 of the Penal Law as it existed at that time, on which date he received a sentence of not less than five nor more than six years in Attica State Prison. Nor did defendant advise the court that he had instituted a previous proceeding for a writ of error coram nobis relating to his 1959 conviction. The Appellate Division (17 AD 2d 872 [1962]) affirmed the decision of this court denying the relief sought.
In his petition in the present proceeding, defendant states that the conviction of December 5, 1955 is being used as a predicate for a sentence of 15 to 30 years imposed by the Chemung County Court as a second felony offender on March 22, 1960. The *14 defendant seeks to be resentenced in order that he may appeal from the plea of guilty to the burglary charge made December 5,1955.
People v. Montgomery (24 N Y 2d 130, supra) has given rise to numerous decisions, particularly at the appellate level. (People v. Garrow (30 A D 2d 618), decided in this Department, certainly foreshadowed the decision in People v. Montgomery (supra). In almost all of the appellate decisions, the defendant has been granted a hearing for resentencing upon his bare statement in a petition that he did not have the opportunity to appeal his conviction. It is noteworthy, however, in two recent decisions, People v. Fuentes (26 N Y 2d 789) and People v. Carlos (26 N Y 2d 797), the court was unwilling to extend the doctrine of People v. Montgomery (supra). However, it must be admitted in both of those decisions there were other factors so they do not stand for a clear cut limitation of People v. Montgomery.
On the bare allegation of a defendant that he was not advised of the right to appeal, with no further supporting allegations, a hearing has been granted upon the question whether or not the failure to appeal resulted from a lack of this advice, in the following cases: People v. Groff (32 A D 2d 592); People v. Harden (33 A D 2d 547); People v. Nostro (33 A D 2d 693); People v. Martindale (33 A D 2d 813); People v. Williams (33 A D 2d 825); People v. Murphy (33 A D 2d 891); People v. Haynes (33 A D 2d 992); People v. Jordan (33 A D 2d 1077) and People v. Carter (33 A D 2d 1103). It would serve no purpose to cite also the instances where a hearing has been granted where counsel promised to file the appeal but failed to do so, or counsel did not advise that a defendant was entitled to appeal as a poor person, and other variations.
It is the obligation of this court to follow the decisions of the appellate court of this Department and the Court of Appeals. However, it seems to this court that the analysis found in People v. Stockwell (61 Misc 2d 188) certainly is sound and persuasive. A hearing was also denied in People v. Pitts (61 Misc 2d 343).
In view of the overwhelming number of decisions at the appellate level indicating that the mere statement alone about the reason for no appeal is sufficient to justify a hearing, this court will grant a hearing to the defendant for the sole purpose of determining whether or not his failure to appeal his conviction on December 5, 1955 following a plea of guilty was the result of a failure of his counsel to advise him of the right of appeal. No other evidence will be accepted at this hearing.