ANDREA POLO, Respondent, Appellant, v. ABE STERN, BESSIE STERN and ISRAEL STERN, Appellants, Respondents.— Motion by defendant-appellant Israel Stern for resettlement of order entered November 16, 1936, denied, with ten dollars costs. There was no mistake or inadvertence in such order or in our decision. [See ante, p. 638.] The modification of the judgment related only to the amount of cash received on the sale of the bakery business to Gralla, which had been divided between Israel Stern and his claimed partner Bessie Stern before the judgment was entered. Israel and Bessie were the holders of the notes and

chattel mortgage received in addition to the cash on the sale to Gralla. One-half of these notes and the chattel mortgage belonged to Israel and the other one-half belonged to Abe Stern, as determined by the judgment. This latter one-half Israel was directed to assign to the receiver, or to deliver to the receiver a sworn statement in respect to each negotiable note referred to and described in the chattel mortgage, the name and address of the individual, firm or corporation alleged to be the owner thereof and the consideration therefor. There should be no doubt in Israel's mind as to his duty in that respect. He will receive no aid from this court in any further purpose of evasion. Israel was joined as a necessary party defendant in the action as a stakeholder. Instead of remaining indifferent, he joined in the trial and on the appeal as a partisan of the other defendants in attempting to defeat recovery by plaintiff, and has been continuing that policy since. Costs were properly allowed against him in affirming the judgment. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.