MARY A. WHITE, Plaintiff, *v.* PETER J. WHITE, Defendant.

Supreme Court, Special Term, Queens County, August 31, 1940.

*Richard J. Barry*, for the plaintiff.

*Charles G. Coster*, for the defendant.

CUFF, J.   Motion by defendant to resettle order entered herein denying plaintiff's motion to punish defendant for contempt for failure to pay alimony.   This application is not an objection to a mere irregularity; it is directed at the substance; it is proper and timely.   This application focuses attention upon a practice which is gaining ground and unless curbed bodes trouble for lawyers and expense to litigants.   Incorporating in orders entered on motions the factual findings of the court — in full or in part — is the practice that I refer to.   It irks an attorney to find in an order those parts of the court's memorandum which are unfavorable to his client, while references therein favorable to his side are either omitted entirely or glossed over.   It is not always possible because of the attending cost for counsel to move to resettle an improper order.   He winces as he studies it and hopes that that will be the last of it.   Counsel at times emphasizes a provision contained in an order, usually a factual finding uttered either by memorandum or oral statement by the court, when subsequently seeking other relief.   He will even make that provision in the order, that he himself submitted, the only basis for a further and important determination on the theory that such earlier order established the law of the case.   Of course the court may rule against him by holding that the particular provision was not properly a part of the order.   On the application at bar the plaintiff is seeking to avoid the necessity for such a decision later on.   These remarks with respect to this growing practice are intended to help to cure this vice and thus to spare lawyers the trouble of submitting counter orders, moving for resettlements and taking other action because an improper order has been signed.

Neither side has submitted authorities.   Defendant's proposed resettled order simply directs that " this motion to punish defendant for contempt of court be and the same hereby is denied."

That paragraph follows recitals which mention each paper used on the motion, with proper reference to appearances, deliberation of the court and to the memorandum decision. The order which I signed and which is now sought to be resettled, contained in the recitals the following language: " on filing the decision of the court whereby it was found that the payment by the defendant of Thirty ($30.00) Dollars of the alimony instalment amounting to One hundred thirty-eight and 50/100 ($138.50) Dollars, due on June 2, 1940, directly to a creditor of the plaintiff was not a compliance with the said final judgment and decree, and that defendant's action was not a contempt of court in view of his explanation, but a repetition of such conduct may be regarded as contempt." That quotation contains the exact language employed in the memorandum. The rest of the memorandum was not out of harmony with those expressions. I do not regard that as good form: nor does it conform to the best practice. A discussion of the nature and form of orders to be entered on motions might be interesting. It is not necessary. Rule 72 of the Rules of Civil Practice, which is an echo of earlier similar rules, provides that the court's opinion or memorandum " shall be a part of the record on which the order was made." That means that any court, appellate or one of original jurisdiction, may read a memorandum or opinion of any other judge. As long as that can be done, no attempt should be made to introduce into an order parts of the decision, unless of course ordering the doing or refraining from doing of certain acts is necessary to give effect to the relief granted on the motion. The rule dispenses with the necessity for digesting in the recitals of the order that which the court decided. The ultimate conclusion ordinarily with sufficient language to describe the application is all that is necessary. The opinion or memorandum is a part of the record and enjoys the same force as the notice of motion, the supporting or opposing affidavits.

Nothing in this memorandum should be construed as a criticism of plaintiff's attorney. It is not intended as such. His deviation from the accepted practice was slight.

I agree with defendant that in view of the fact that plaintiff's motion was denied, the order should recite that it is entered on motion of defendant because that accurately depicts what happened. Plaintiff moved for the granting of the motion; defendant sought its denial. Defendant prevailed.

Plaintiff complains that the court reporter failed to record the happenings at the hearing. I recall that incident. The clerk advised me after the call of the calendar that defendant had requested that a record be made of the hearing. I instructed the

clerk that the reporter be directed not to take notes. That was the reason for the reporter's withdrawing. As I recall, no further request was made to have notes taken. If it had been, I would not have granted it. It is not the practice to record stenographically hearings on motions. The rigidity of the trial practice as well as certain rules of evidence are dispensed with in the motion part. This court assumes full responsibility for the action of the court reporter.

Plaintiff seeks to have this motion denied because defendant has served a notice of appeal from the order he now would resettle. That action by defendant makes no difference. He is entitled to have the order in proper form whether he appeals or not. This motion to resettle is granted and proposed resettled order has been signed.