THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM M. MALARK, Appellant.

Third Department, January 27, 1954.

*Robert H. Halliday* for appellant.

*Charles E. Bowers, District Attorney* (*Roger W. Daniels* of counsel), for respondent.

*Per Curiam.* Defendant has been acquitted of the charge of rape in the second degree but has been convicted of the charge of assault in the second degree on a count in the indictment which alleged that he assaulted the complainant, a girl under eighteen years old, " with intent to  commit upon her the felony of rape ".

The statute (Penal Law, § 242, subd. 5) provides that a person who "assaults another with intent to commit a felony" is guilty of assault in the second degree. The court instructed the jury in the barest terms, merely that if there was no sufficient evidence to convict the defendant of rape in the second degree it could find the defendant guilty of assault in the second degree if it found that he "laid hands on the complainant with the specific intent in his mind to have intercourse with her" and proceeded to undertake to have intercourse. The jury was instructed that it might convict of assault in the second degree even though on the main accusation the jury found the proof on the corroboration of penetration insufficient.

This charge is adequate if the mere touching of the body, or mere physical contact of any nature, with intent to commit rape in the second degree is to be treated as a felonious assault. But if the contact must in some degree represent a pressure to commit the act, it would require some more explicit instruction to the jury, even though in this case we feel that the record would sustain such a finding under proper instruction.

The problem essentially is whether a mere technical assault with intent to effect the crime without force is enough; or whether something in the nature of a battery must also be shown. In dealing with the case of an adult woman in 1865, Porter, J., expressed the view that where the woman consented to the criminal connection and there was no battery committed, intended or threatened, that there could be no conviction for a felonious assault. (*People* v. *Bransby*, 32 N. Y. 525.) "It is", he said, "indispensable to the offence, that violence to the person be either offered, menaced or designed." (P. 532.)

The rule thus stated was applied by the General Term in 1890 to a case where the charge of assault arose in connection with intercourse with a girl under age with her consent, since the court was of opinion that the evidence did not sustain the assault if it did not sustain the rape and held that defendant was entitled to this charge. (*People* v. *Aldrich*, 58 Hun 603, 11 N. Y. S. 464.)

The weight of. authority in New York must, however, be regarded as being in the direction of holding that an assault results even from the most willingly accepted contact with the intent to commit rape in the second degree. In *Hays* v. *People* (1 Hill 351 [1841]) the Supreme Court, per Cowen, J., held that where the accused enticed a young female to a loft for the purpose of intercourse the jury was justified in finding an assault even though there was no attempt at violence. In that

case the Reporter remarked: " There was no evidence that he touched her at any time ". The General Term in *Singer* v. *People* (13 Hun 418 [1878]) felt that the " point is completely covered " in the *Hays* case (p. 420) and the court there affirmed a judgment very similar in the facts shown to the case now before us.

The express approval given to the principle announced in both these cases by the court in *People* v. *Gibson* (232 N. Y. 458, 461) which affirmed a conviction for an assault in the third degree arising from indecent familiarities not amounting to sexual intercourse with the consent of a girl under sixteen years old, seems to us to settle the question. There is a difference of opinion in some jurisdictions on the principle to be applied, but the majority view seems in the direction of the New York rule. (Cf. 52 C. J., Rape, § 45, p. 1033; 75 C. J. S., Rape, § 43, subd. e.) The instruction here given to the jury on assault therefore must be deemed adequate and we find no other ground requiring a reversal.

The judgment should be affirmed.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Judgment of conviction affirmed.