THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* .RENE GRILLASCA, Defendant.

County Court, Bronx County, October 26, 1954, supplemental opinion, October 27, 1954.

*George B. De Luca, District Attorney* (*David Blatt* of counsel), for plaintiff.

*Chester A. Lessler* for defendant.

LYMAN, J. This is a motion for a new trial upon the ground of newly discovered evidence pursuant to the provisions of subdivision 7 of section 465 of the Code of Criminal Procedure. The defendant was heretofore convicted, by verdict of a jury, of the crimes of forgery, second degree, and grand larceny, second degree, under one accusation. On June 30, 1953, he was sentenced to State prison for concurrent terms of two and one-half to five years for each conviction, by a Judge of this court now retired.

The instant application, made within one day before the expiration of the one-year statutory period of limitation after the imposition of judgment, is founded upon documentary proof consisting of official records of the United States Army. These

records establish that on the 17th day of May, 1948, the date of the crimes for which he stands convicted and sentenced, the defendant was under detention in the post stockade at Fort Belvoir, Virginia. The records state that the defendant was in confinement awaiting trial and under sentence of a court-martial from the 12th day of March, 1948, to the 7th day of June, 1948, and was released from confinement and discharged from service on June 8, 1948, under conditions other than honorable.

These army documents were submitted in evidence at the defendant's hearing in support of his application for a new trial. It appears from the court records, as adduced at the hearing, that the defendant was indicted on December 21, 1948, for forgery, second degree, and grand larceny, second degree, arising from his alleged indorsement and uttering a New York State war bond valued at $150 and made to the order of one Raul V. Romero. The defendant was not in the custody of the Bronx authorities at the time of his indictment and he did not plead to the accusation until March 28, 1949, at which time a plea of not guilty was entered by him. He furnished bail in the sum of $1,000, on April 4, 1949, and was released from confinement.

The court records further disclose that the indictment against the defendant was not moved for trial by the District Attorney until May 14, 1953. The reason for this unusual delay in prosecuting the accusation arose from the unauthorized absence of the defendant from the jurisdiction of the court. He went to Chicago, stayed there two years, returned to New York, came in conflict with the law and was being detained in the City Prison of New York County, on another charge, when he was produced in this court for trial.

It further appears that a short time prior to June 9, 1953, when the trial commenced, the defendant's retained counsel, one Morris Nadel, was stabbed to death in his office by a disgruntled client. The defendant's defense was then assumed by one Louis Kaplan, office associate of Mr. Nadel. At the trial, wherein the defendant was positively identified by the complainant storekeeper as the one who gave him the spurious check, the defense to the charge was that the accused was in the Army and not at the scene of the crime on the date of its commission; that the complainant, an elderly man, was mistaken in his identification. In the absence of any proof establishing the defendant's presence elsewhere than at the place and time charged in the indictment, the jury convicted the defendant of two of the counts alleged therein.

Prior to the imposition of judgment and in the proceedings attending the sentence on June 30, 1953, defense counsel moved to set aside the jury verdict of guilt and for a new trial. A letter from the Veteran's Administration was produced to the court which stated that the defendant was separated from service at Fort Belvoir, Virginia, on June 8, 1948. Since this document was not conclusive as to the defendant's whereabouts on May 17, 1948, the date of the crime, the court remained unimpressed and proceeded to mete out the term of imprisonment as aforesaid, stressing the defendant's unsavory reputation and his past conflicts with the law.

At the hearing before this court for a new trial, the defendant excused his failure to produce at the trial the Army records relating to his confinement on May 17, 1948, on the ground that several years had elapsed from the time of his indictment and subsequent trial and that he did not recall, at that time, that he was under Army detention on the date that the crime charged against him had been committed. Furthermore, the defendant could give no convincing account as to the reason why the documentary proof now being offered was not submitted to the sentencing court on June 30, 1953.

The District Attorney conceded at the hearing that the official Army files offered by the defendant conclusively establish his presence outside the confines of Bronx County on the date of the crime charged against him. The problem therefore presented is whether this court has the power, on the basis of the background of this case, to grant the relief sought and accord a new trial. The District Attorney contends that the defendant is barred from relief in that the proof submitted by him does not constitute newly discovered evidence, further, that the defendant's evidence does not come within the purview of *coram nobis* and relief may not be granted through the writ of error, and lastly that the court is without inherent power to vacate the judgment of conviction even in the face of proof confirming the defendant's innocence.

Subdivision 7 of section 465 of the Code of Criminal Procedure provides for the granting of a new trial when it appears that upon another trial the defendant can produce evidence, such as, if before received, would have changed the verdict; that such evidence has been discovered since the trial, is not cumulative; and the failure to produce it at the trial was not owing to want of diligence. Conceding that the proof now produced by the defendant would have changed the jury verdict of guilt if received at the trial, this court cannot, in good conscience, hold

that the evidence now offered by the defendant has been discovered since the trial and that his failure to produce it, at that time, was not due to want of diligence.

The defendant knew, or should have known, at the time of his trial, that he was not in Bronx County on the date that the forged check was allegedly passed by him. As a matter of record this defense was urged in his behalf at the trial but no effort was made by him or his counsel to obtain the necessary confirmation of his detention at Fort Belvoir, Virginia, on May 17, 1948. The matter was further pressed by the defendant on the date of sentence by the production of an ambiguous letter from the Veteran's Administration which had no bearing as to the defendant's whereabouts on the date of the crime. Surely the defendant, or his counsel, could have vigorously requested an adjournment of the sentence for the purpose of obtaining conclusive proof of the defendant's innocence. No such request was made by them although the minutes of the proceedings reveal that the District Attorney was agreeable to an adjournment for that purpose.

The question therefore remains unanswered, at least to the satisfaction of this court, why the defendant has waited almost six years after his indictment (one year after his sentence) to produce official records that were always available to him simply upon request to the proper Army authorities as to his whereabouts on May 17, 1948. The conclusion is inescapable that the defendant has been dilatory and negligent in making any real effort to establish his innocence, and he accordingly is now barred from relief on the ground of newly discovered evidence.

Furthermore, the defendant's prayer for such relief as the court may deem proper would not justify this court in treating the defendant's application as one within the purview of the writ of error *coram nobis*. It cannot be urged with any degree of merit that the judgment of conviction was procured by fraud or perjury or suppression of evidence by the District Attorney. At best an honest mistake of identification was made by the complainant and this fact, however true, does not bring the defendant's application within the accepted scope of *coram nobis*.

The sole remaining question is whether the court has inherent power to vacate a judgment of conviction against a defendant, concededly innocent, in order to assure basic justice. This court reluctantly concludes that in view of previous rulings by the highest court of this State that the trial court has no

inherent power to grant a new trial, after judgment, except upon newly discovered evidence (*People ex rel. Jerome* v. *Court of General Sessions,* 185 N. Y. 504; *People* v. *Becker,* 210 N. Y. 274), or under the limitations of the writ of error *coram nobis* (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *Matter of Morhous* v. *Supreme Court,* 293 N. Y. 131) that the defendant is barred from judicial relief.

The executive rather than the judicial process must be invoked by the defendant for redress and his application is accordingly denied.

(Supplemental opinion, October 27, 1954.)

Supplementary to the opinion of this court, dated and filed October 26, 1954, it is suggested to the District Attorney of Bronx County, under the authority of *People* v. *Rizzo* (246 N. Y. 334, 340), that he bring the case of this defendant to the attention of the Governor for such action as to him seems proper.