Thomas Dickens, J.
At this hearing as the sequence to the motion for eoram nobis relief, only one of the several original grounds was urged as a challenge to the validity of the judgment of conviction on a plea of guilty, to wit: the removal of an indictment alleging a date in the future for the commission of the crime and the substitution of another, now in issue, alleging a date in the past. Fraud or misrepresentation is not involved as a subject of inquiry.
At this stage, it should be observed that the charge was defendant’s burden to prove by a preponderance of evidence. (People v. Cooper, 307 N. Y. 253; People v. Oddo, 283 App. Div. 497; Eli Frank, Coram Nobis, p. 70.)
Giving full consideration to the entire record, that is, the testimonial evidence and the documentary evidence and exercising my discretionary prerogative thereon (Eli Frank, Coram Nobis, supra, pp. 70, 86 et seq.), I feel in conclusion that defendant has failed to sustain his legal burden. (People v. Simpson, 4 A D 2d 806. See, also, People v. Lensky, 1 A D 2d 831; People v. Hasenstab, 283 App. Div. 433; People v. Milo, 4 A D 2d 679.)
In adopting this view, I am persuaded in its favor, inter alia, by the discrepancies prevailing in defendant’s testimony, and cumulatively by a conflict therein with the testimony of his then attorney on a subject of material bearing, and also by the untampered appearance on the indictment in the record of all official notations in script and by handstamp, and by the matters in typewritten and printed form. And, I have not overlooked the absence of the slightest mention of the grievance now in issue, by protest or otherwise, in the minutes of the plea to the indictment of possessing a gun after prior conviction and in the minutes of the sentence following, dated October 30, 1951 and November 21, 1951, respectively.
All this obviously leads favorably to the presumption that no person acting in an official capacity or any other person acting under an oath of office, will do anything contrary to his *47 official duty (People v. Beerman, 12 N. Y. S. 2d 888; People v. Canfora, 9 Misc 2d 930, affd. 6 A D 2d 781), as prevailing here. Consequently, the further presumption of the regularity of the proceedings also prevails. (People v. Yancovich, 122 N. Y. S. 2d 205, affd. 283 App. Div. 842; People v. Sheehan, 4 A D 2d 143.)
Assuming, but only for discussion from a legal aspect, the actual existence in the first place of an indictment alleging a future crime to which defendant’s then attorney had testified, I should think that the admission of its existence at one time as part of the record would make applicable the reasoning in People v. Erhart (197 Misc. 380), a case almost similar except for the continued actual existence of the indictment there in contrast to the admission of its prior existence here.
The court in that case 'held that because the alleged error appeared on the face of the record, coram nobis was not available but that the various measures in the normal course of things provided by the Code of Criminal Procedure were available. (Cf. People v. Eastman, 306 N. Y. 658, and also as applicable with respect to defendant’s knowledge as to some phases of certain facts, see People v. Grillasca, 206 Misc. 635, and People v. Moore, 284 App. Div. 925.)
Motion denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant and to his attorney.