The People of the State of New York, Plaintiff, *v.* Samuel Kass, Defendant.

Court of General Sessions of County of New York, June 12, 1962.

*Samuel Kass,* defendant in person. *Frank S. Hogan, District Attorney (Robert E. Goldman* of counsel), for plaintiff.

Thomas Dickens, J. It is evident from the contents of this *coram nobis* motion that defendant intends it to be the means for reviving a point raised, among others, in a prior motion, dated May 18, 1959. That motion was subsequently withdrawn *in toto* by letter, dated July 6, 1959, in which defendant titled it as, " A formal motion to withdraw."

The point that defendant repeats here is that he had never been arraigned on Indictment No. 2782-51, to which he had put in the attainder by confession on a compromise.

Actual representation by counsel is not called in question.

Assuming that defendant's displeasure is factual, but without necessarily going into detail about it, I conclude that what defendant is, at the best, disturbed about provokes only a question of law for my attention, so that " if the defendant would not be entitled to relief even if the allegations of his petition were to be established, further judicial investigation would be pointless." (*People* v. *Brown,* 7 N Y 2d 359, 361, cert. denied 365 U. S. 821.)

A striking analogy to the point attempted to be renewed here, is to be found in *People* v. *Gencarelli* (15 Misc 2d 45, affd. 9 A D 2d 614, affd. 8 N Y 2d 906, cert. denied 364 U. S. 875). In the *coram nobis* motion there, which I had the occasion to decide, defendant charged that an indictment alleging a date in the future for the commission of the crime had been surreptitiously removed from the file of the court, and another indictment alleging a date in the past had been substituted. Although I granted a hearing on the state of the facts alleged in that motion, I was of the reserved conviction, when I had the motion under deliberation, that *coram nobis* as the remedy did not lie, and I so indicated in the opinion of that case.

Fundamentally, the parallel of situations in the case at bar and the *Gencarelli* case, is strong. Here, as it was there, the contention, in effect, is that the indictment is not the one on

which the prosecution had been instituted. Here, as it was there, the further contention, in effect, is that the plea of guilty was made to an indictment allegedly nonexistent in law. Here, as it was there, inducement by fraud, or by misrepresentation, or by deceit, is not involved. Here, as I had enunciated the law there, the appropriate remedy by " the various measures in the normal course of things provided by the Code of Criminal Procedure," should have been resorted to. See, also, Frank, Coram Nobis ([1954–1956 Cum. Supp., p. 33], par. 3.02[a] p. 54) for miscellaneous instances of the nonavailability of errors of law appearing on the face of the record, including the subject of arraignment. (And see, also, *People* v. *Sadness,* 300 N. Y. 69, 74, cert. denied 338 U. S. 952; *People* v. *Kendricks,* 300 N. Y. 544; *People* v. *Sullivan,* 3 N Y 2d 196.)

Finally, fully breaking the back of defendant's argument, is the following quotation from *People* v. *Schwartz* (53 N. Y. S. 2d 741, 742): " It has been held in this state that failure to arraign a defendant who subsequently proceeds to trial is not an omission which tends to prejudice his rights " — citing *People* v. *Tower* (63 Hun 624, affd. 135 N. Y. 457).

Then further, on page 743, appears the following: " ' These matters [arraignment and pleading] were waived by the defendant going to trial upon the indictment upon the merits of the charge, and cannot be raised for the first time after a conviction, inasmuch as there was nothing in these omissions which tended to prejudice the rights of the defendant, and consequently they should be disregarded.' "

The plea of guilty taken by defendant gives him the status of one convicted by a jury after trial. (*People* v. *Quinn,* 8 Misc 2d 546, affd. 5 A D 2d 824.)

The motion is denied.

The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.