Thomas Dickens, J.
A resettlement of my order, dated and entered on June 21, 1962, for the alleged purpose of laying the foundation of an appeal therefrom, is made the object of this formal motion.
For its support, the contention is raised that “ neither [my] opinion [now reported in 35 Misc 2d 449], dated June 12, 1962, nor, the order of June 21, 1962, resolve a prime issue of fact vital to defendant’s case,” in that “ The issue whether defendant was arraigned or was not — remains shrouded in ambiguity.”
This contention is without merit, because (a), I left nothing to ambiguity in the opinion, for I made my view very clear therein when I held not only that the question of the validity of the arraignment was unavailable in a coram nobis proceeding, but also that it (if ever existent) was, in any event, waived, as the result of the guilty plea; and because (b), there is no “ necessity for digesting in the recitals of the order that which the court decided. The ultimate conclusion ordinarily with sufficient language to describe the application is all that is necessary.” *2 (White v. White, 175 Misc. 66, 68; see, also, Matter of Ayman v. Teachers’ Retirement Bd., 19 Misc 2d 355.)
As to the order itself with respeet to the question of its proper composition for an appeal therefrom, it, together with the opinion, constitutes, in full, the kind of order that, in form and substance, meets the Specifications detailed In rules 70 and 72 of the Rules of Civil Practice; therefore, the Order conformably lays the statutory groundwork, under rule 284 of the Rules of Civil Practice for the contemplated appeal. (See Lanaris v. Mutual Benefit Life Ins. Co., 9 A D 2d 1015.) Lacking sustaining ground, the motion by defendant is denied.