THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE ADALBERT JACKSON, Appellant.— COOKE, J. Appeal from a judgment of the County Court of Cortland County, rendered August 7, 1967, convicting defendant on his plea of guilty of assault in the second degree in violation of former section 242 of the Penal Law, and from the order entered July 17, 1967 denying defendant's motion for inspection of the Grand Jury minutes or, in the alternative, for dismissal of the indictment. Appellant's brief states that this is an " appeal from a judgment of conviction entered upon a negotiated plea of guilty to a reduced charge of Assault in the Second Degree, in full satisfaction of both counts of Rape in the Second Degree charged in the indictment." (Cf. People v. Malark, 283 App. Div. 263.) It is urged that the indictment was not based on legally sufficient evidence; that defendant did not enter a plea at his arraignment; that the District Attorney did not give his reasons orally or in writing in recommending the reduced charge; and that no attempt was made by the court to determine whether there were facts to support the two counts of rape in the second degree, as charged, or " the crime of assault in the second degree to which Appellant later entered his bargained plea of guilty." Absent a showing that the evidence before the Grand Jury was insufficient to sustain the indictment (People v. Brennan, 31 A D 2d 568) and in view of the presumption that an indictment is based upon legal and sufficient evidence (People v. Randall, 9 N Y 2d 413, 424; People v. Glen, 173 N. Y. 395, 403), the motion for dismissal was properly denied. Although a motion for inspection of Grand Jury minutes is not appealable, this appellate court, in considering the motion to dismiss for evidentiary insufficiency, is not called upon to examine the minutes since defendant has failed to supply extrinsic proof that there was such insufficiency (People v. Howell, 3 A D 2d 153, 155–156, affd. 3 N Y 2d 672) or even intrinsic proof that there is a reasonable possibility that the evidence presented was in fact deficient. Section 309 of the Code of Criminal Procedure provides how an arraignment is made but it has been held that the failure to arraign does not tend to prejudice the rights of a defendant who pleads guilty or proceeds to trial (People v. Jordan, 20 A D 2d 583; People v. Kass, 35 Misc 2d 449, 450, affd. 18 A D 2d 796). Likewise, the failure of the District Attorney to submit and file a written statement, or to set forth his reasons on the record in open court, in compliance with section 342-a of said Code, was a mere irregularity which does not affect the judgment's validity (People v. Brossoit, 26 A D 2d 843; People v. Codarre, 285 App. Div. 1087). Defendant's claim of failure by the trial court to properly inquire into the facts of the crime upon his plea of guilty, even if true, does not warrant a reversal, since there was no need for such an inquiry (People v. Nixon, 21 N Y 2d 338, 350), defendant having been represented by counsel at the time of plea (cf. People v. Seaton, 19 N Y 2d 404), there having been no indication by him that he was not guilty (cf. People v. Serrano, 15 N Y 2d 304; People v. Morales, 17 A D 2d 999) or showing of prejudice, and there being no basis for assuming that defendant pleaded improvidently or was unaware of what

he was doing. Judgment affirmed. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Cooke, J.