Memorastdum. Two appeals are before us, one from a preliminary judgment of condemnation and the second, from an order denying defendant’s application for an advance payment pursuant to chapter 1161 of the Laws of 1971.
The property in question was sought as part of a right of way for the emplacement of transmission lines from the utility’s Northport generating plant to its substation at South Commack. The entire right of way was 7.8 miles in length and the parcel which is the subject of the dispute herein comprises approximately 5,750 feet of it. Pursuant to an order entered in October, 1965, Lilco obtained temporary possession of the disputed parcel and has already installed the transmission lines.
Initially, we note that no appeal lies from a preliminary judgment of condemnation, as is here involved (17 CarmodyWait 2d, New York Practice, §§ 108:162,108:231). Defendant’s remedy is to wait and appeal from the final order confirming the report of the commissioners and to bring up the interlocutory judgment at that time. However, while the appeal from the preliminary judgment must be dismissed, we have reviewed the merits and had the appeal been properly before us, we would have affirmed. Necessity has been amply established and the record supports a finding that the utility exercised *513 reasonable discretion in the selection of the route. We also agree that fee title rather than an easement was properly awarded, in view of defendant’s opposition to the latter and also in view of the extent of the utility’s intended use of the property. (See Northwest Quadrant Pure Waters Dist. No. 1 v. Payne Beach Assn., 38 A D 2d 668.)
We turn our attention now to the second of the two orders appealed from, the denial of defendant’s application for an advance payment pursuant to chapter 1161 of the Laws of 1971. The statute in question provides for such payment “in all eminent domain proceedings * * * wherein possession is sought by the condemnor prior to vesting of title”. As previously indicated, the utility has not only sought, but has been in actual possession, of the property since 1965. In view of the stated objective that the statute was enacted to “ alleviate the hardship of an owner in financing the purchase or rental of replacement property or the alteration of remaining property ”, it is our opinion that the Legislature intended to provide a remedy for such a situation as is here present.
Appeal from preliminary judgment of condemnation is dismissed, without costs.
Order denying defendant’s motion for advance payment pursuant to chapter 1161 of the Laws of 1971 is reversed, with $10 costs, and motion is granted.
(January 16, 1974)
The respective motions for reargument are granted and upon reargument, the court determines the appeal on the merits:
Defendant correctly points out that the rule set forth in 17 Carmody-Wait 2d, New York Practice, § 108:231, as to the nonappealability of a preliminary judgment of condemnation, is no longer applicable in view of Hudson Gas & Elec. Corp. v. Newman (35 A D 2d 989) and since defendant has now filed the stipulation required by section 19 of the Condemnation Law, the issue with respect to the width of the strip awarded as well as the necessity of awarding a fee instead of an easement is properly before the court.
It is axiomatic that there is no right to condemn land in excess of the need for the public purpose and no more may be taken than is required for the particular purpose (Hallock v. State of New York, 32 N Y 2d 599 and cases cited therein). This rule applies not only to the volume of land taken but also to the extent of the estate in the property taken (Hallock v. State of New York, supra).
*514 The evidence presented at the trial below demonstrates that the 260-foot wide right of way sought to be taken conforms to the plans initiated by plaintiff in 1955 when overhead transmission lines were contemplated. Despite the fact that plaintiff was compelled, as a result of litigation [see 17 N Y 2d 652-653], to place the transmission lines underground, it still went forward with its plans to take a strip 260 feet wide. The testimony shows that only about 60 or 70 feet of this width are actually being used for the cable installation. z There is no evidence which can be related to the necessity for such an extensive taking.
Plans for expansion of the system may require additional land but the evidence clearly demonstrates that the right of way taken is grossly excessive. The extent of this excess must be determined by the trial court.
. We also find that, in view of the plaintiff’s intention, expressed at the trial, that it would not oppose the granting of an easement rather than a fee, and because of the lack of any evidence concerning the necessity of acquiring a fee interest it is. apparent that a fee taking, may in fact, also be excessive. This, toó/ must be determined by the trial court.
With respect to the matter of an advance payment, reargument is granted and the court adheres to its original decision to the extent, that such payment must be made. However, in view of our determination that the taking was excessive as to volume ánd possibly as to the nature of the interest taken, the amount of any advance payment must be determined by the trial court based upon its findings pursuant to this court’s directions herein.
Upon reargument, the preliminary judgment of condemnation is reversed, without costs, and the matter is remanded to the County Court for a determination de novo of the extent of the acquisition and the nature of the interest therein that is required to achieve the condemnor’s stated purpose.
Upon reargument, the order denying defendant’s motion for an advance payment pursuant to chapter 1161 of the Laws of 1971 is reversed, without costs, and the matter is remanded to the County Court for determination of the amount of such advance payment.
(April 10, 1974)
Motion,.to resettle order and for leave to appeal to Appellate Division denied.
In our view, the condemnation was excessive, as to the quantity of land actually taken and may be excessive as to the nature of *515 the estate taken. The order of this court upon reargument remands this matter to the County Court for a determination de novo of the extent of the acquisition and the nature of the interest therein that is required to achieve the condemnor’s stated purpose.
We found, impliedly, that necessity for the condemnation existed and was proven. Defendant’s motion for resettlement seeks to change this decision and have the entire issue of necessity for the taking determined.
Resettlement is not a procedure for changing or modifying the decision of a court. Resettlement of an order is a procedure of clarification or correction, not to modify or change the relief granted (2 Carmody-Wait 2d, New York Practice, § 8:125; 10 Carmody-Wait 2d, New York Practice, § 70:44); nor to make unclear the decision which the trial court must follow.
The purpose of a resettlement order is to correctly express the decision of the court (White v. White, 175 Misc. 66; Polo v. Stern, 249 App. Div. 817; Matter of Suede Pillow Novelty Co. v. Dworsky, 250 App. Div. 48). The directory portion of an order recites “ the determination or direction in such detail as the judge deems proper.” Moreover, “the order should be sufficiently specific to enable him clearly to understand his duty ” (2 Carmody-Wait 2d, New York Practice, § 8:90).
While it is improper for an order to contain a recitation of the facts incorporated in the decision, nevertheless the directory part of an order should properly contain a provision for “ the doing or refraining from doing of certain acts necessary to give effect to the relief granted in the motion ” (White v. White, supra, p. 68). The only purpose of an order is to express correctly the decision of the court, and in the case of a remittitur, it is imperative that the order specify what is expected of the trial court on the retrial, clearly and precisely.
With respect to an appeal to the Appellate Division, since reargument has been granted, leave is denied.
Concur — Hogan, P. J., Pittoni and McCullough, JJ.